The application for a writ of prohibition is, therefore, granted.

Application granted.

---

## COURT OF APPEALS.

### May 31, 1921.

## THE PEOPLE v. CARMELLO TRIMARCHI.

(231 N. Y. 263.)

(1) BURGLARY—TRIAL—RULE AS TO EVIDENCE OF GOOD CHARACTER—WHEN CHARGE CORRECTLY STATES RULE.

A request to charge in a criminal case ''that evidence of good character is sufficient to raise a question of reasonable doubt'' is improper in form. Evidence of good character is not, of itself, sufficient to raise a reasonable doubt. In order to do so it must be believed by the jury. It then may, when considered with all the other evidence in the case, be sufficient to raise a reasonable doubt as to defendant's guilt. A charge, therefore, ''that the question of good character you are to consider in arriving at your verdict and if, after considering it, it is sufficient to raise a reasonable doubt, you should not convict,'' correctly states the rule of law to be applied by the jury. (People v. Hughson, 154 N. Y. 153, followed.)

(2) SAME—ERRONEOUS REQUEST TO CHARGE.

A request to charge ''that the evidence in this case must be, in order to convict, of such a character as to exclude every hypothesis except this defendant's guilt'' is improper in form. The rule is that all the evidence, when considered by the jury, must, beyond a reasonable doubt, exclude or remove every other reasonable hypothesis than that of the defendant's guilt. A response by the court, therefore, ''I refuse to charge that. I will say that you must be satisfied beyond a reasonable doubt,'' when taken in connection with the main charge wherein the rule was correctly stated, could not have misled the jury and the defendant's rights were fully protected.

(3) SAME—UNANIMOUS AFFIRMANCE OF ORDER DENYING NEW TRIAL NOT
APPEALABLE, OR RIGHT, TO COURT OF APPEALS.

    The Court of Appeals has no jurisdiction to review an order of the
Appellate Division unanimously affirming an order denying a motion
for a new trial where no leave has been given to appeal or question
certified. (Code Civ. Proc., § 191, subd. 3.)

    (People v. Trimarchi, 193 App. Div. 968, reversed; 194 App. Div.
951, appeal dismissed.)

APPEAL by plaintiff from so much of an order of the Ap-
pellate Division of the Supreme Court in the fourth judicial
department, entered November 17, 1920, as reversed a judg-
ment of the Genesee County Court, rendered upon a verdict
convicting the defendant of the crime of burglary, third degree,
second offense, after a prior conviction of a felony. Appeal by
defendant from so much of such order as unanimously affirmed
an order of said County Court denying defendant's motion for
a new trial.

*James L. Kelly,* for plaintiff, appellant and respondent. The
court was correct both in refusing to charge that the evidence
must be of such a character as to exclude every hypothesis ex-
cept defendant's guilt, and in telling the jury in that connection
that they must be satisfied beyond a reasonable doubt. (People
v. Fitzgerald, 156 N. Y. 253; People v. Smith, 162 N. Y. 520.)
The request to charge as to good character was not in proper
form and it would have been erroneous for the court to charge
as requested. The rule is that evidence of good character, if
believed by the jury, may of itself create a reasonable doubt.
(People v. Gilbert, 199 N. Y. 11; People v. Hughson, 154
N. Y. 164.)

*Grace E. Crampton, William J. Baker* and *William E. Web-
ster,* for defendant, respondent and appellant. The court erred
when he was requested to charge: " The evidence in this case
must be, in order to convict, of such a character as to exclude
every hypothesis except this defendant's guilt," by denying that

request and qualifying the request by stating, " I refuse to charge that. I will say that you must be satisfied beyond a reasonable doubt." (Ruloff v. People, 18 N. Y. 194; People v. Fitzgerald, 156 N. Y. 253; People v. Bennett, 49 N. Y. 137; People v. Acerno, 172 App. Div. 372, 375; People v. Razezicz, 206 N. Y. 249.) The court's refusal to charge that evidence of good character is sufficient to raise a question of reasonable doubt was error. (Const. of N. Y. art. 6, § 9; People v. Maggiore, 189 N. Y. 514; People v. Thompson, 198 N. Y. 396; People v. Koppman, 158 App. Div. 660; People v. Weiss, 129 App. Div. 677; People v. Bonier, 179 N. Y. 315; People v. Elliott, 163 N. Y. 11; People v. Friedland, 2 App. Div. 332.)

McLAUGHLIN, J.:

The defendant was convicted of the crime of burglary, third degree, second offense, after a prior conviction of a felony, for which he was sentenced to be imprisoned in a state's prison for the term of seven years and six months. He appealed to the Appellate Division, fourth department, from the judgment of conviction and also from an order denying a motion for a new trial on the ground of newly-discovered evidence. The Appellate Division unanimously affirmed the order denying the motion for a new trial, from which the defendant appeals, and unanimously reversed the judgment of conviction and ordered a new trial, from which the People appeal. The reversal of the judgment of conviction was, according to the order, " upon questions of law only, the facts having been examined and no error found therein." The error of law upon which the reversal is predicated is stated in the order as follows: " That the defendant was not given the full benefit of the rule respecting the evidence of good character and that the exceptions to rulings of the trial court in charging the jury upon that question are well taken."

At the trial several witnesses were sworn whose testimony it

is claimed tended to establish the good character of the defendant and at the conclusion of the main charge the trial court was requested to charge: " That evidence of good character is sufficient to raise a question of reasonable doubt." In response to this request the court stated: " I will charge that the question of good character you are to consider in arriving at your verdict and if, after considering it, it is sufficient to raise a reasonable doubt, you should not convict." Exception was taken by defendant's counsel to the refusal to charge as requested, and also to the charge as made.

The request was improper in form. Evidence of good character is not, of itself, sufficient to raise a reasonable doubt. Such evidence, in order to raise a reasonable doubt, must be believed by the jury. It then may, when considered with all the other evidence in the case, be sufficient to raise a reasonable doubt as to his guilt. This is upon the theory that good character may create a doubt against positive evidence, but this doubt against positive evidence is created only when in the judgment of the jury the character is so good as to raise a doubt as to the truthfulness of the positive evidence tending to establish guilt. In such case the defendant must be given the benefit of the doubt. This is the rule laid down in People v. Hughson (154 N. Y. 153) where the charge as made was substantially like the one here complained of. The trial court, I think, correctly stated the rule of law to be applied by the jury. (See also, People v. Gilbert, 199 N. Y. 10.)

It is also claimed the court erred in refusing to charge the following request: " That the evidence in this case must be, in order to convict, of such a character as to exclude every hypothesis except this defendant's guilt," to which the court responded, " I refuse to charge that. I will say that you must be satisfied beyond a reasonable doubt," to which exception was taken by defendant's counsel.

This request was not proper in form. The rule is that all the evidence, when considered by the jury, must, beyond a

reasonable doubt, exclude or remove every other reasonable hypothesis than that of the defendant's guilt. (People v. Smith, 162 N. Y. 520; Ruloff v. People, 18 N. Y. 179.)

The evidence of facts and circumstances, in order to justify a conviction, must all be consistent with and point not only to the guilt of defendant, but they must be inconsistent with his innocence. (People v. Fitzgerald, 156 N. Y. 253.)

The trial court, in the main charge, had correctly stated the rule and told the jury several times that if, after a consideration of all the evidence in the case, there remained a reasonable doubt as to the guilt of the defendant, then he was entitled to an acquittal; that the burden of proof was upon the People; that the defendant was entitled to the presumption of innocence until proven guilty; and that the proof must satisfy them beyond a reasonable doubt as to defendant's guilt of the crime charged, otherwise there should be a verdict in his favor. When the whole charge is considered, I am clearly satisfied the defendant's rights were fully protected and the jury could not have been misled by the instructions given.

Other errors are alleged, but after a careful consideration of them, they do not seem to be of sufficient importance to be here considered.

The defendant had a fair trial, the evidence was such as justified the jury in finding him guilty, and the record fails to disclose any error which would justify this court in interfering with the verdict.

The order of the Appellate Division reversing the judgment of conviction and ordering a new trial must be reversed, and the judgment of conviction affirmed.

The appeal from the order denying the motion for a new trial was unanimously affirmed by the Appellate Division, no leave given to appeal to this court, or question certified. This court, therefore, has no jurisdiction to review the order sought to be appealed from. (Code of Civil Procedure, sec. 191,

subd. 3.) The appeal from this order, therefore, must be dismissed.

Order of the Appellate Division reversing the judgment of conviction and granting a new trial should be reversed and the judgment of conviction affirmed. The appeal from the order denying motion for a new trial on the ground of newly-discovered evidence is dismissed.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.