THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BERNARD F. HELMBRECHT, Appellant.

Argued November 20, 1947; decided January 16, 1948.

*Robert Boasberg* for appellant.

*Gordon Steele, District Attorney* (*Leonard Finkelstein* of counsel)·, for respondent.

Judgment affirmed.

Concur: LOUGHRAN, ·Ch. J., LEWIS, CONWAY, THACHER and FULD, JJ. DESMOND, J., dissents in the following opinion in which DYE, J., concurs.

DESMOND, J. (dissenting). Defendant, tried on an assault charge, admitted "grabbing" the complainant, but denied striking him and attempted to justify the battery by testimony that the complainant had used improper language to defendant's wife. Four witnesses testified to defendant's good character. The Trial Justice, in charging the jury, discussed this character evidence to some extent, informing the jurors that it was to be considered solely "upon the question of whether or not he would be likely to commit the crime with which he is charged here." Defendant's counsel thereupon asked for an instruction to the jury "that if the jury believes the evidence of good character introduced here, that that evidence alone is sufficient to create a reasonable doubt." The trial court declined so to charge, stating that he would stand on his original charge which, it is plain, contained no discussion at all as to the effect which the character evidence could or should have in bringing into existence a reasonable doubt of defendant's guilt.

As we understand it, it is now argued that, even if defendant had a right to have the jury instructed as to the relationship between credible evidence of good repute and reasonable doubt, the requested charge, it is said, was not correctly phrased.

It has been the New York law for at least a century that character evidence, if believed by a jury, " will sometimes of itself create a doubt when without it none would exist " (*Remsen v. People,* 43 N. Y. 6, 9; *Stephens* v. *People,* 4 Parker Cr. Rep. 396). It follows that this " was an important item of evidence, and the defendant was entitled to the full benefit of it " (*People* v. *Lamb,* 2 Keyes 360, 377). As Judge CRANE wrote in *People* v. *Colantone* (243 N. Y. 134, 136): " Evidence of good character is a matter of substance; not of form, in criminal cases, and must be considered by the jury as bearing upon the issue of guilt, even when the evidence against the defendant may be very convincing." It is no matter of verbiage, and no defendant should lose the benefit of his good character witnesses, merely because his lawyer uses one form of words rather than another. And failure to charge correctly and fully on this subject is not such an error as may be overlooked under section 542 of the Code of Criminal Procedure (*People* v. *Bonier,* 179 N. Y. 315, 324).

Many convictions have been reversed in this and other courts because of the trial judges' refusals to tell the jury that doubt of guilt is no less a reasonable doubt because it is produced by character evidence, rather than by proof directly bearing on the issues. In none of those reversals was it said, or suggested, that a particular formula must be employed by counsel in making a request. The idea is the thing, and the idea that should go to the jury is that a showing of fair repute is in itself justification for a juror's reasonable doubt. Was that not the idea simply and briefly stated by counsel here, when he requested a charge that character evidence alone " is sufficient to create a reasonable doubt "? Any difference between that and the statements in the cases that character evidence " may create a reasonable doubt " or " can create a reasonable doubt " or " will sometimes create a reasonable doubt " is verbal only. For instance, there was a unanimous reversal in *People* v. *D'Anna* (243 App. Div. 259) because the court declined to tell the jury that, if they believed the evidence produced as to good character, they might " base a reasonable doubt on that alone ". All these expressions mean the same thing.

*People* v. *Trimarchi* (231 N. Y. 263, 266), is not to the contrary. There defendant's counsel omitted from his requested instruction any reference to the necessary condition that the jury must credit the character evidence. " Such evidence," this court pointed out, " in order to raise a reasonable doubt, must be believed by the jury." Indeed, Judge McLAUGHLIN's opinion in the *Trimarchi* case (*supra*), impliedly approves the exact form of charge requested by defendant's counsel in the present case. Counsel for Trimarchi had asked for an instruction: " That evidence of good character is sufficient to raise a question of reasonable doubt." Judge McLAUGHLIN said that request was defective in that it did not include the thought that the evidence had to be believed by the jury. The discussion in this court's opinion, in the second paragraph on page 266 of 231 New York, shows that if Trimarchi's counsel had included that absent element, the request would have had to be granted as matter of law. With that missing part added, the Trimarchi request is identical with that in this case, except that Trimarchi's counsel said " raise " a reasonable doubt, while appellant Helmbrecht's counsel used the word " create ".

Finally, let us assume, for argument, that the instruction prayed for in this case, was elliptical, or lacking a word or two. " The defendant was entitled to have the jury charged substantially as requested by his counsel " (*People* v. *Conrow*, 200 N. Y. 356, 362), and, even if the request was inartistically framed, " yet its obvious intention was plain and the court should have instructed the jury adequately as to the legal bearing of the question which it raised " (*People* v. *Buccufurri*, 158 App. Div. 186, 192).

The judgment should be reversed and a new trial ordered.