THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE C. MALINOWSKI, Also Known as GEORGE C. MALINOSKI, Appellant.

Third Department, December 20, 1973.

*Harry O. Lee* for appellant.

*Con G. Cholakis, District Attorney,* for respondent.

HERLIHY, P. J. This is an appeal from a judgment of the County Court of Rensselaer County, rendered April 25, 1972 upon a jury verdict, convicting defendant of the crimes of manslaughter in the first degree and of felony murder.

The defendant on this appeal raises several issues, but we need only consider one.

The defendant was indicted on two counts: Count I — alleged violation of subdivision 1 of section 125.25 of the Penal Law, known as common-law murder; Count II — alleged violation of subdivision 3 of the same section commonly known as a felony murder, both counts being Class A felonies. The affirmative defenses permitted under the section were not asserted or utilized by the defendant.

The record contains evidence that on or about October 1, 1969 at about 11:30 P.M. the defendant in company with the decedent Champoux went to the rear of an apartment house and, as a result of some conversation, the said Champoux

struck the defendant and in an exchange of blows the decedent was knocked to the ground and trampled upon by the defendant. The defendant, according to his own testimony, took a wallet from the decedent, which contained $25 together with a hat, both objects being thereafter disposed of by the defendant. As a result of the noise from the altercation, some of the neighbors were awakened and a witness, James Thompson, came to the scene at which time Champoux was still alive, but according to the record he died soon thereafter. This witness was unable to identify the defendant at the time of the trial and, although there was some issue as to the assailant of Champoux, the jury found that the defendant was the assailant, but apparently found that it was not his intention to cause the death of the decedent as its verdict on the first count was manslaughter in the first degree and on the second count murder in the commission of the robbery.

The present conviction is the result of a second trial of the defendant, the first trial having ended with a plea of guilty. Upon appeal to this court (37 A D 2d 662, 663) the defendant's conviction upon his plea of guilty was reversed, together with a direction to the court to make an appropriate inquiry into the circumstances of the defendant's decision to withdraw his plea of guilty and to reopen the pretrial suppression hearing to give the defendant the opportunity of submitting additional evidence, if so advised.

The defendant contends that it was error for the trial court to exclude testimony offered for the purpose of proving his good character and that such error was prejudicial.

A character witness was called by the defense and after establishing a foundation for his testimony, he was asked if prior to October 1, 1969, the date of the commission of the crime, did he " from the speech of the people ever hear anything derogatory about George Malinowski with respect to truth and veracity " and was subsequently asked " with reference to peaceability ", all of which questions the witness answered in the negative. He also testified that from the speech of the people he knew the defendant's character to be good. At the completion of the testimony, upon motion of the District Attorney, the court struck all of the witness's testimony on the ground that it was in effect a negative proposition, to which the defendant's attorney duly excepted.

In granting the motion to strike the testimony, the court stated to the jury: " Mr. Houston's testimony is of such a nature as to necessarily imply to me as a matter of law that it was

not predicated upon the speech of the people in the community, that it was, in effect, a negative proposition, that he had not heard anyone speak of the defendant in a derogatory manner on the propositions of truth, veracity and peaceableness; this as a matter of law does not meet the test of a character witness ''.

The court erred in striking the testimony. It is a well-settled rule in New York that the defendant may introduce evidence as to his character for the purpose of raising an inference that he was not likely to commit the crime. Furthermore, character evidence, if believed, may, when considered with all the other evidence in the case, create a reasonable doubt when without it none would exist. (*People* v. *Trimarchi*, 231 N. Y. 263, 266.) In *People* v. *Van Gaasbeck* (189 N. Y. 408, 421) the court said: '' In some instances negative evidence of good reputation has been characterized as the best evidence on the subject. Chief Justice Cockburn, in the *Rowton* case already cited, declared it to be the best evidence of a man's character that he is not talked about at all. The Supreme Court of Iowa, in *State* v. *Nelson* (58 Iowa, 208) declined to adopt this view, saying: ' It cannot be fairly said that proof that one's neighbors have never heard his character canvassed is better proof of his good reputation than proof that his neighbors generally speak in terms of commendation of his character. All that can properly be said of the kind of negative proof under consideration is that it is competent proof of good reputation and should be accepted and weighed by the jury.' In this statement of the law we agree.'' Again in *People* v. *McDowell* (9 N Y 2d 12, 14–15) the court said: '' ' [I]t is well settled that in a criminal prosecution, the defendant may introduce evidence as to his own good character for the purpose of raising an inference that he would not be likely to commit the offense charged. People v. Van Gaasbeck, 189 N. Y. 408 * * * ; Cancemi v. People, 16 N. Y. 501.' (Richardson, Evidence [8th ed.], § 154; 7 Wigmore, Evidence [3d ed.], § 1981.) Although the attempts of defense counsel to introduce the evidence were lacking in legal preciseness, they nevertheless corresponded to methods generally approved (*Michelson* v. *United States,* 335 U. S. 469; *People* v. *Van Gaasbeck,* 189 N. Y. 408; 7 Wigmore, Evidence [3d ed.], § 1983) and deserved the approval of the trial court. Objections to the exclusion of character evidence cannot be taken lightly. ' This court has frequently stated that evidence of good character is a matter of substance; [*sic*] not of form, in criminal cases, and must be considered by the jury as bearing upon the issue of guilt, even when the evidence

against the defendant may be very convincing.' (*People* v. *Colantone,* 243 N. Y. 134, 136; *People* v. *O'Regan,* 221 App. Div. 331.) Indeed the value of such testimony is pointed up by our rule as to the effect of evidence of good character. (*People* v. *Trimarchi,* 231 N. Y. 263; see, also, *People* v. *Johnson,* 5 N Y 2d 1000.) The prejudice here suffered by the defendant as a result of the exclusion of the character evidence entitles him to a new trial.''

The District Attorney on this appeal argues that the type of evidence the witness sought to give was improper and that he was only giving his own opinion as to the defendant. However, it is clear from the record that the witness's '' opinion '' was based on what he had heard (or not heard) about the defendant and these underlying facts were brought out in his testimony.

In New York it is settled law that an infant may voluntarily waive his constitutional rights (*People* v. *R. N.,* 23 N Y 2d 963; *People* v. *Stephen J. B.,* 23 N Y 2d 611). The test is the totality of the circumstances (*Gallegos* v. *Colorado,* 370 U. S. 49, 55); such factors as age, intelligence, education and ability to comprehend the meaning of his statement comprise the pertinent inquiry as to whether the waiver was knowingly and intelligently made (*People* v. *Stephen J. B., supra,* p. 617).

For the above reasons, the issues of waiver and confession were properly for the jury to resolve.

In view of our decision that a new trial is required, it is unnecessary to consider the other issues raised on this appeal.

The judgment should be reversed, on the law and the facts, and a new trial ordered.

STALEY, JR., GREENBLOTT, MAIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered.