Stevens, J.
The individual defendants-appellants were convicted of nine counts of grand larceny in the second degree and one count of issuing a false financial statement. The judgments of conviction were unanimously affirmed, without opinion, by the Appellate Division.
At the trial defendants requested the following charge: “Evidence of previous good character is competent in favor of the defendants as tending to show that they would not be likely to commit the crimes charged against them, and, if after a careful and thorough consideration of all of the evidence in the case, including that bearing upon their good reputation or character, you entertain a reasonable doubt of their guilt, you must acquit them. A reputation for good character, standing alone, may be sufficient to create a reasonable doubt, even though without it the other evidence may be convincing.”
The trial court included the request in its charge with the exception of the last sentence, which it declined to charge, and 'defense counsel took an exception to the court’s refusal. The trial court actually charged, “ Now, you will recall that during the trial, a number of witnesses were called by the defendants to testify to their good character. Evidence of good character is not in and of itself sufficient to raise a reasonable doubt.
“ Such evidence in order to raise a reasonable doubt must be believed by the jury.
“ It then may be sufficient when considered with all the other evidence in the case to raise a reasonable doubt as to a defendant’s guilt.
*67 “ This is upon the theory that good character may create a doubt against positive evidence, but this doubt against positive evidence is created only when [in] the judgment of the jury the character is so good as to raise a doubt as to the truthfulness of the positive evidence tending to establish guilt.
“ In such case, the defendant must be given the benefit of the doubt, but character witnesses alone do not create a reasonable doubt.”
Counsel for defendant-appellant Glass excepted to the charge concerning character evidence stating ‘ ‘ I have two brief exceptions. * * * One relates to character evidence. Your Honor stated that evidence of good character is not of itself sufficient to raise a reasonable doubt and then repeated that character evidence alone does not create a reasonable doubt. I take exception to those two instructions.”
On this appeal, appellants urge that the court committed reversible error in refusing to charge, as requested, that character evidence standing alone may be sufficient to create a reasonable doubt and, in charging to the contrary, that evidence of good character is not in and of itself sufficient to raise a reasonable doubt.
The single question presented is whether the trial court committed reversible error in refusing to charge as requested and in giving the charge set forth above.
Appellants rely heavily upon the case of People v. Bonier (179 N. Y. 315, 321-322), decided in 1904, in which the court stated, “ It is, therefore, the law that evidence of good character may of itself create a reasonable doubt, when without it none would exist, and that upon the request of the accused the jury should be told that such evidence, in the exercise of their sound judgment, may be sufficient to warrant an acquittal, even if the rest of the evidence should otherwise appear conclusive.”
The better rule is expressed in People v. Trimarchi (231 N. Y. 263, 266 [1921]) where the court held: “ Evidence of good character is not, of itself, sufficient to raise a reasonable doubt. Such evidence, in order to raise a reasonable doubt, must be believed by the jury. It then may, when considered with all the other evidence in the case, be sufficient to raise a reasonable doubt as to his guilt. This is upon the theory that good char *68 acter may create a doubt against positive evidence, but this doubt against positive evidence is created only when in the judgment of the jury the character is so good as to raise a doubt as to the truthfulness of the positive evidence tending to establish guilt. In such case the defendant must be given the benefit of the doubt. This is the rule laid down in People v. Hughson (154 N. Y. 153) where the charge as made was substantially like the one here complained of. The trial court, I think, correctly stated the rule of law to be applied by the jury. (See, also, People v. Gilbert, 199 N. Y. 10.) ” (See, also, Richardson, Evidence [10th ed.], § 150.)
In Trimarchi (p. 266) the defendant requested a charge u ‘ That evidence of good character is sufficient to raise a question of reasonable doubt. ’ ” The court declined to charge in that fashion and instead stated, “ ‘ I will charge that the question of good character you are to consider in arriving at your verdict and if, after considering it, it is sufficient to raise a reasonable doubt, you should not convict’.” It was that charge which the court held to be correct and upon which it elaborated.
As stated in People v. Colantone (243 N. Y. 134, 136) “ This court has frequently stated that evidence of good character is a matter of substance; not of form, in criminal cases, and must be considered by the jury as bearing upon the issue of guilt, even when the evidence against the defendant may be very convincing. What weight shall be given to it is a question for the jury.” While a person’s character consists of his actual qualities or traits, character evidence advanced or given at trial has to do with the community or general estimate of defendant’s character or reputation with respect to the particular trait or quality involved in the crime for which the defendant stands accused. (See Wharton’s Criminal Evidence [11th ed.], § 331.) Thus, when a defendant introduces evidence of good character, such testimony must relate to the traits involved in the charge against him. “ The principle upon which good character may be proved is, that it affords a presumption against the commission' of crime. This presumption arises from the improbability, as a general rule, as proved by common observation and experience, that a person who has uniformly pursued an honest and upright course of conduct will depart from it and do an act so inconsistent with it,” *69 (Cancemi v. People, 16 N. Y. 501, 506.) The defendant seeks by such evidence to raise an inference that he would not be likely to commit the crime charged (People v. Van Gaasbeck, 189 N. Y. 408, 418).
Character evidence does not exist in a vacuum, and its value, influence or the weight to be accorded it depends in great part upon the other evidence in the case. If accepted and believed, it becomes a fact to be weighed with the other facts. If the evidence of guilt against a defendant is cumulative and reliable, the influence of contrary evidence of good character is likely to be slight. Under other circumstances, such evidence may be so good, if believed, as to create a reasonable doubt where without it none would exist.
Viewing the charge as a whole, as we must, we find no error. Accordingly, the orders appealed from should be affirmed.
Chief Judge Breitel and Judges Jasen, Garbielli, Jones, Wachtler and Babin concur.
Orders affirmed.