■ SELWYN COHEN, Respondent, v AMERICAN BEVERAGE CORP., Appellant.—Order, Supreme Court, New York County, entered December 19, 1977, granting summary judgment in the amount of $30,000, but staying execution pending expeditious resolution of the defendant's counterclaims, unanimously reversed, on the law, without costs and without disbursements, and the motion denied. Appeal from order, Supreme Court, New York County, entered March 13, 1978, denying reargument, dismissed, without costs and without disbursements. The plaintiff was the president and a director of the defendant, a publicly held corporation. The corporation had issued 10-year subordinated debentures. The debenture agreement provided for setting aside $50,000 each year as a sinking fund against maturity, or alternately to acquire and retire each year $50,000 in face amount of such debentures. The corporation followed the latter procedure since it could acquire debentures on the market at a substantial discount. Because the parties were short on funds, a loan agreement was entered into, pursuant to which Mr. Cohen, its president, would lend to the corporation debentures owned by him in exchange for an advance of $35,000 in cash. There is a sharp dispute as to the reason for this agreement or for the options as alternatives for replacing the debentures or the repayment of the money loaned for the two years in which the arrangement was in effect. Among other things, the corporation contends that its president did not proceed diligently to purchase debentures in the open market, and thus eventually they had to pay the face value on the debentures. In view of the disputed issues and the fact that a determination with respect to the complaint would not conclude the matter, *Security-Columbian Banknote Co., Div. of U. S. Banknote Corp. v Strategic Data Centers* (36 AD2d 716), we reverse and deny summary judgment. An appeal does not lie from the denial of a motion for reargument. (*Dayon v Chemical Bank,* 45 AD2d 827.) Concur—Kupferman, J. P., Birns, Markewich and Sandler, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO LOPEZ, Appellant.—Judgment, Supreme Court, Bronx County, rendered November 10, 1977, sentencing defendant to imprisonment for 15 years to life, after conviction of defendant, by a jury, of murder in the second degree, is unanimously affirmed. Considering the case as a whole, and the strength of the evidence against the defendant, we do not think a reversal is warranted. However, we take this opportunity to state the following cautions: We disapprove of the District Attorney's repeated use of the word "lie" in commenting on the defense testimony. The use of invective is particularly inappropriate by a representative of the District Attorney in addressing a jury; it militates against the calm atmosphere in which judicial proceedings should be conducted. There are other ways of telling the jury that evidence is willfully false without the use of fighting words. The District Attorney also should not have asked defendant's character witness whether he would change his opinion of defendant's character if he heard that defendant had committed a cold-blooded murder, obviously referring to the case on trial. The question improperly assumed that the defendant was guilty of the crime with which he was charged, the very issue toward the determination of which the character evidence was offered. Concur—Lupiano, J. P., Silverman, Fein, Sandler and Sullivan, JJ.