■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MUNOZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Cooperman, J.), rendered September 10, 1982, convicting him of attempted murder in the second degree (four counts), assault in the second degree (three counts), arson in the second degree and reckless endangerment in the first degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant contends that improper conduct on the part of the prosecution deprived him of a fair trial. We find that any remote chance of prejudice from the improper introduction of evidence from which an inference of flight could have been drawn was adequately cured by the trial court's ruling which permitted defendant to introduce prosecution records which countered the inference. Indeed the record introduced by defense counsel accrued to defendant's benefit as it directly, explicitly and persuasively rebutted the inference to be drawn from the People's evidence and damaged their credibility. Defendant did not object to the court's ruling, nor move for a mistrial. Accordingly, the ruling "must be deemed to have corrected the error to the defendant's satisfaction" (*People v Williams,* 46 NY2d 1070, 1071).

We find that the prosecutor's comments during summation impeaching defendant's credibility were proper (*see, People v Savage,* 50 NY2d 673, *cert denied* 449 US 1016), and within the four corners of the evidence.

While we strongly disapprove of certain questions posed to defendant's character witness, defense counsel's objections were sustained by the trial court, and reversal is not warranted (*see, People v Lopez,* 67 AD2d 624, *cert denied* 444 US 827). We have considered defendant's remaining contention and find it to be without merit. Gibbons, J. P., Thompson, Weinstein and Lawrence, JJ., concur.