■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABIMAEL AYALA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered February 9, 1984, convicting him of robbery in the second degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and a new trial ordered.

The trial court erred in striking the defense character

witness's testimony. The rule regarding reputation evidence is that "a reputation at any time *after a charge published,* or other controversy begun, is not admissible" (5 Wigmore, Evidence § 1618 [Chadbourn rev 1974]). The trial court's decision to strike the character witness's testimony on the ground that the witness had no conversations prior to the defendant's arrest which related to the defendant's character was based upon a misapplication of that rule. Although the testimony at issue was to the effect that there were no conversations prior to the arrest, the substance of the subsequent conversations was evidence of the defendant's reputation prior to the arrest.

The court's error in striking the testimony cannot be deemed harmless. "[T]he reputation of an accused for traits which, in the common experience of mankind, would tend to make it unlikely that he committed a particular offense may in and of itself give rise to a reasonable doubt of guilt where none would otherwise exist" *(People v Bouton,* 50 NY2d 130, 139). Since the evidence against the defendant was not overwhelming, the matter must be remitted for a new trial. Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.