■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORTECHI AHARONOWICZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered January 16, 1985, convicting him of attempted criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant, who, at the time of trial, was 57 years old with no prior criminal record, was convicted of charges emanating from a police undercover operation in which he was targeted, from the outset, as a "fence" for stolen property. The investigation of the defendant was allegedly prompted by information disclosed by several known burglars, that the defendant was reputed to be a regular recipient of stolen goods. The defendant, however, claimed that he was designated a target of the undercover operation as a retaliatory measure, principally because he had been an outspoken critic of local law enforcement officials in his capacity as founder of the Huntington Station Merchant's Association Incorporated, an organization which was formed to help combat the rapidly accelerating crime situation within the area.

On or about February 3, 1984, Andre Collins, a Community Service Aide employed by the Suffolk County Police Department, participated in the undercover operation by selling the defendant jewelry which he represented as having been stolen. This jewelry, which was valued at approximately $1,700, was sold to the defendant for the sum of $80. During his negotiations with Mr. Collins, which were memorialized on tape by a recording device which had been secreted on Collins' person,

the defendant verbally acknowledged the representation that the jewelry had been "stolen", but, nevertheless, consummated the transaction.

On appeal, the defendant contends, *inter alia,* that the trial court committed reversible error when it instructed the jury that "evidence of good character is not of itself standing alone sufficient to raise a reasonable doubt", a charge which was duly excepted to by defense counsel. We agree and, therefore, reverse.

In *People v Bouton* (50 NY2d 130, 139, emphasis added), the Court of Appeals noted: "Perhaps the most impressive measure of the respect the law accords the community's ability to judge character is that the reputation of an accused for traits which, in the common experience of mankind, would tend to make it unlikely that he committed a particular offense *may in and of itself give rise to a reasonable doubt of guilt where none would otherwise exist".*

The foregoing principle was recently reaffirmed by this court in *People v Ayala* (118 AD2d 790, 791).

A defendant in a criminal proceeding has an absolute and unqualified right, whether or not he takes the stand, to adduce evidence of good character in order to raise an inference that he did not commit the crime charged *(see generally,* Richardson, Evidence § 150, at 120-121 [Prince 10th ed]; *see also, People v McDowell,* 9 NY2d 12; *People v Trimarchi,* 231 NY 263; *People v Van Gaasbeck,* 189 NY 408). Such evidence is particularly probative where, as here, the defendant has no prior criminal record and has raised the affirmative defense of entrapment, which places in issue the question of his predisposition to commit the crime charged. In view of the substantial evidence of good character adduced by the defense, the trial court's erroneous charge cannot be deemed harmless.

In light of this determination, we need not address the defendant's remaining contentions. Lazer, J. P., Bracken, Weinstein and Eiber, JJ., concur.