*681 OPINION OF THE COURT
Per Curiam.
Defendant was charged with attempted criminal possession of stolen property in the first degree, arising out of a police undercover operation targeting him as a "fence” for stolen property. At trial, defendant raised the affirmative defense of entrapment and also introduced evidence of his good character. In its charge to the jury, the court instructed — in compliance with our holding in People v Miller (35 NY2d 65, 67-68)— that defendant’s "evidence of good character shall always be considered and weighed * * * as bearing upon the guilt or innocence of the defendant * * * [b]ut, evidence of good character is not of itself standing alone sufficient to raise a reasonable doubt”.* Defendant assigns error to this charge, arguing that we have adopted a contrary formulation — articulated in the more recent case of People v Bouton — that character evidence may "in and of itself give rise to a reasonable doubt of guilt where none would otherwise exist” (People v Bouton, 50 NY2d 130, 139).
The principle has long been that in a criminal prosecution, the accused may introduce evidence as to his own good character to show that it is unlikely that he committed the particular offense charged (see, People v Bouton, 50 NY2d 130, 135, supra; People v McDowell, 9 NY2d 12, 14; People v Conrow, 200 NY 356, 360; People v Van Gaasbeck, 189 NY 408, 413; Cancemi v People, 16 NY 501, 506; see also, Edgington v United States, 164 US 361, 366-367; see generally, Richardson, Evidence § 150, at 120-121 [Prince 10th ed]). It is equally well settled that such evidence is not "in and of itself’ or "standing *682 alone” sufficient to constitute a reasonable doubt as to guilt (People v Trimarchi, 231 NY 263, 266; see generally, Fisch, New York Evidence § 183, at 108 [2d ed]). Character evidence must first be believed by the jury; then, when considered with all the other evidence in the case, it may be sufficient to raise a reasonable doubt (People v Miller, 35 NY2d 65, 67-68, supra; People v Johnson, 6 AD2d 799, affd 5 NY2d 1000; People v Trimarchi, 231 NY 263, 266, supra; see, People v Roach, 215 NY 592, 607-608; see generally, Richardson, Evidence § 150, at 121 [Prince 10th ed]; 1 CJI[NY] 12.05).
Put differently, the jury may not ignore the People’s evidence tending to establish guilt and, having considered only defendant’s evidence of good character, render an acquittal based solely thereon. Rather, the jury must consider character evidence in light of all of the evidence in the case. Where evidence of good character is the only evidence in defendant’s case, it in this sense "stands alone”; however, it may give rise to a reasonable doubt only when in the judgment of the jury it is believed and sufficiently calls into question the credibility of the People’s evidence tending to establish guilt (People v Miller, 35 NY2d 65, 67-68, supra; People v Trimarchi, 231 NY 263, 266, supra). Claims such as that raised by defendant— that the jury should be charged that character evidence "in and of itself’ or "standing alone” may create a reasonable doubt — have been rejected (see, People v Miller, 35 NY2d 65, 66, supra; People v Johnson, 6 AD2d 799, affd 5 NY2d 1000, supra).
The observation in Bouton that "the most impressive measure of the respect the law accords the community’s ability to judge character is that the reputation of an accused * * * may in and of itself give rise to a reasonable doubt of guilt where none would otherwise exist” (People v Bouton, 50 NY2d 130, 139, supra) does not change the established rule that a jury is bound to assess the effect of defendant’s character evidence — if accepted and believed — in light of all the evidence in the case. As we have stated, "[character evidence does not exist in a vacuum, and its value, influence or the weight to be accorded it depends in great part upon the other evidence in the case. If accepted and believed, it becomes a fact to be weighed with the other facts. If the evidence of guilt against a defendant is cumulative and reliable, the influence of contrary evidence of good character is likely to be slight. Under other circumstances, such evidence may be so good, if *683 believed, as to create a reasonable doubt where without it none would exist” (People v Miller, 35 NY2d 65, 69, supra).
With respect to defendant’s contention that the court committed reversible error by confusing its instructions on character evidence with principles applicable to nonpredisposition evidence, the court delivered a supplemental charge on entrapment at defendant’s request, to which defendant registered no further objection. We have reviewed defendant’s remaining contentions and find them to be either unpreserved or without merit.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Order affirmed.

 The court charged as follows: "I charge you that evidence of good character shall always be considered and weighed by a jury as bearing upon the guilt or innocence of the defendant. But, evidence of good character is not of itself standing alone sufficient to raise a reasonable doubt. First, such evidence must be believed and then when considered with all of the other evidence in the case it might be sufficient to raise a reasonable doubt as to the guilt of the defendant * * * However, after weighing the evidence of the defendant, good character with all of the other evidence in the case, if you believe the defendant to be guilty beyond a reasonable doubt, then you are duty bound to convict him; notwithstanding that, you may believe that his character is good. The rule is that evidence of good character must always be considered not alone but in connection with all of the evidence bearing upon the question of the guilt or innocence of the accused. The jury has no right to separate it from the mass of testimony and say that they believe the accused has a good character, and therefore they’ll disregard all of the evidence of guilt.”