■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BURKHARDT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered January 14, 1987, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant presented at trial the testimony of four character witnesses who stated that the defendant had a reputation for honesty in the community and was incapable of committing armed robbery. On this appeal, the defendant argues that he was deprived of a fair trial by reason of the court's having instructed the jury that character evidence is "but one fact to be considered by you together with all the other facts and circumstances" and that character evidence alone was insufficient to create a reasonable doubt. The defendant claims that the court's charge had the de facto effect of diminishing his defense and "usurp[ing] the jurors' role as sole arbiter of the evidence". He contends that the court should have charged that character evidence alone was sufficient to raise a reasonable doubt. We cannot agree.

In *People v Aharonowicz* (71 NY2d 678), a case in which the pertinent facts and the jury charge are virtually indistinguishable from those at bar, the Court of Appeals made it clear that

"[character] evidence is not 'in and of itself' or 'standing alone' sufficient to constitute a reasonable doubt as to guilt * * *

"[T]he jury may not ignore the People's evidence tending to establish guilt and, having considered only defendant's evidence of good character, render an acquittal based solely thereon" *(People v Aharonowicz, supra,* at 681-682; *see also, People v Miller,* 35 NY2d 65, 69; *People v Trimarchi,* 231 NY 263). In light of this recent decision, the trial court's charge was clearly correct.

Additionally, we find that the defendant's contention that he was denied a fair trial when the prosecutor asked hypothetical questions of the character witnesses that utilized the specific acts for which he was on trial to be unpreserved for appellate review (CPL 470.05 [2]). In any event, any error was

harmless in light of the witnesses' responses to the questions and the overwhelming evidence of the defendant's guilt *(see, People v Munoz,* 111 AD2d 936, *lv denied* 67 NY2d 655; *People v Thompson,* 75 AD2d 830). Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.