■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH W. HATFIELD, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of two counts of murder in the second degree and sentencing him to consecutive terms of 25 years to life. Defendant presented seven character witnesses who testified that defendant had a general reputation in the community for being a peaceable man. He contends that he was deprived of a fair trial because the prosecutor, on cross-examination, asked 6 of the 7 witnesses if their "opinion" as to defendant's peaceableness would be affected by the knowledge that he had shot two dogs for walking across his lawn. With one exception, those witnesses testified that such knowledge would not change their opinion of defendant's character. Since the only objection raised to those questions was to the form of one, defendant has failed to preserve the issue for review. Moreover, although the method of cross-examination was improper since the opinion of character witnesses is inadmissible, defendant was not thereby deprived of a fair trial. The error was essentially an error in form. The People were entitled to cross-examine defendant's character witnesses with respect to whether they had heard reports concerning defendant's conviction in the dog-shooting incident (Richardson, Evidence §§ 152-153 [Prince 10th ed]). Additionally, the People would have been entitled to adduce independent proof of defendant's conviction of any offense which would tend to negate the character trait attributed to defendant by his character witnesses (CPL 60.40 [2]). The conviction of defendant in the dog-shooting incident was obviously relevant to rebut the testimony that defendant had a reputation for nonviolence. Additionally, any error was harmless in light of the overwhelming proof that defendant was guilty of an unjustified attack upon his victims.

Defendant failed to object to any portion of the court's charge, but now contends that its instructions on character evidence deprived him of a fair trial. That claim is without merit. The court outlined defendant's right to introduce character evidence and delineated the purpose of such evidence. It further instructed that character evidence, when believed and considered with all the facts in the case, could create a reasonable doubt when, without it, reasonable doubt would

not exist. The court's instructions were therefore proper *(see, People v Aharonowicz,* 71 NY2d 678; *People v Miller,* 35 NY2d 65).

At the time of this double homicide, defendant was represented by counsel and was awaiting sentence on a charge under the Agriculture and Markets Law for shooting two dogs. It was established at the suppression hearing that the charge was pending in a Town Court of a different town and that neither the police nor the District Attorney, who personally supervised the questioning, had actual knowledge of that charge at the time defendant was making a statement. When the District Attorney was informed by an Assistant District Attorney that defendant had a pending charge, he ordered the police to stop taking the statement or to finish it off. When that was done, the time, 11:35 P.M., was noted in the margin. Thereafter, the police reduced defendant's earlier statement to writing concerning shooting Kathleen Sterling and the fact that he had called the police and made certain statements. The police also had him read and sign the statement. The suppression court ruled that the written statement could be admitted as an unsigned statement insofar as it recorded defendant's statements made before 11:35 P.M. At trial, the People did not introduce the written statement into evidence but merely read it to the point where the time was noted. After defendant testified, however, the People offered the statement in its entirety without objection by the defense.

Defendant contends that the statement should have been suppressed because of the authorities' constructive knowledge of the pending charge. The police are entitled to question a suspect unless they have actual knowledge of a pending unrelated charge on which defendant has representation or unless they have "deliberately insulated" themselves from such knowledge *(see, People v Bertolo,* 65 NY2d 111; *People v Fuschino,* 59 NY2d 91). Neither actual knowledge nor an attempt by the police to insulate themselves can be inferred from this record. It was established that no one had actual knowledge of this Agriculture and Markets Law charge and that there are 62 Justice Courts within Oneida County, so that it would have been impossible for police or prosecutors to be aware of all pending charges in those courts. Nor was the admission of the statement into evidence a violation of the ruling of the suppression court. Even statements taken in violation of right to counsel are admissible on cross-examination on rebuttal for the purpose of impeaching a defendant's trial testimony *(see, People v Maerling,* 64 NY2d 134).

Defendant shot Charles and Kathleen Sterling in cold blood in full view of their children, without provocation, leaving the three young children orphans. Defendant expressed no remorse for his acts. In view of these unprovoked murders, we cannot conclude that the sentencing court abused its discretion in sentencing defendant to the consecutive maximum terms. (Appeal from judgment of Oneida County Court, Buckley, J., at trial; Murad, J., on suppression issue—murder, second degree.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.