defendant to law enforcement officials were made after he was fully informed of his *Miranda* rights. Contrary to the defendant's contention there is no requirement that police officers permit the family members of a competent 19-year-old adult, in custody, to communicate with him *(see, People v Crimmins,* 64 NY2d 1072; *People v Strawder,* 134 AD2d 630; *People v Casiano,* 123 AD2d 712, *lv denied* 69 NY2d 744).

Moreover, since one of the People's witnesses gave testimony which affirmatively damaged their case, they were entitled to introduce evidence that the witness had made a sworn statement which was contrary to such testimony (CPL 60.35; *People v Fitzpatrick,* 40 NY2d 44). It is of no moment that they may not have been surprised by such testimony *(People v Magee,* 128 AD2d 811; *People v Davis,* 118 AD2d 796; *People v De Jesus,* 101 AD2d 111, *affd* 64 NY2d 1126).

Under the circumstances, the defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WANDA L., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered November 20, 1984, adjudicating her a youthful offender, upon a jury verdict convicting her of robbery in the second degree (two counts) and assault in the second degree (two counts), and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the jury should have been charged that character evidence, "in and of itself", could create a reasonable doubt is without merit *(see, People v Aharonowicz,* 71 NY2d 678).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Kunzeman, Weinstein and Kooper, JJ., concur.