Titone, J.
(dissenting). I agree with my colleagues that a represented defendant has no absolute right, constitutional or otherwise, to file a pro se supplemental brief on appeal. *655 Accordingly, although I find the Appellate Division’s refusal to accept defendant’s pro se supplemental brief puzzling, I would not vote to reverse the court’s order affirming the conviction on that ground. However, in the final analysis, I cannot concur in the majority’s decision to affirm without even commenting upon the significant evidentiary argument defendant has made.
It is defendant’s contention that he was unfairly prevented from developing his defense at trial because of an outmoded rule of evidence that restricts the manner in which the accused’s good character may be proven. The majority’s opaque statement that "defendant’s remaining points * * * are either lacking merit, unpreserved or not grounds for reversal” (majority mem, at 654) furnishes no clue as to whether it has rejected the substance of this argument or has instead found some other impediment to reversal, such as a perceived preservation problem or a determination that the court’s rulings, although erroneous, were harmless. Thus, the majority has left the important evidentiary question presented by this appeal without definitive resolution. I am unable to agree with this disposition, however, since, in my view, defendant’s claim is preserved, meritorious and, in fact, compels reversal. For that reason, I dissent.
In this case involving an attempted murder charge, defendant contends that he should be afforded a new trial because of the trial court’s errors in restricting his character witnesses’ testimony to reputation evidence and in repeatedly precluding their testimony as to their own opinions of his character. While the existing precedent in this State may not support defendant’s position, the weight of Federal and sister State authority, as well as simple common sense, does.
Under traditional evidentiary principles in New York, a defendant may attempt to establish his good character only by showing his general reputation in the community. The opinions of those who know him personally and have firsthand knowledge of his character are inadmissible (People v Bouton, 50 NY2d 130; see, Richardson, Evidence § 151 [Prince 10th ed]). The rule is derived from People v Van Gaasbeck (189 NY 408), which was decided in 1907 and at a time when most American jurisdictions that had considered the question held that " 'character means the estimate in which the individual is held by the community and not the private opinion entertained of him by the witnesses who may be called to testify in reference to such fact’ ” (id., at 416, quoting Jackson v State, *656 78 Ala 471). The court adopted what was then the majority view because of "overwhelming considerations of practical convenience,” namely the difficulty of ascertaining the truth of the specific occurrences underlying the witness’s opinion and a concern that the admission of character evidence beyond reputation would lead to a proliferation of collateral factual disputes, thereby impeding the conduct of trial (People v Van Gaasbeck, supra, at 417-418).
Whether it was the product of the pragmatic concerns of the time or, as one noted treatise argues (7 Wigmore, Evidence §§ 1981-1982, 1986 [Chadbourn rev ed]), the result of a cumulative misreading of prior precedent, the Van Gaasbeck restriction on proof of character has since been criticized as "archaic” and "paradoxical” (Michelson v United States, 335 US 469, 486) and has been modified or rejected in a majority of jurisdictions, either by statute or judicial decision permitting opinion testimony as an alternative to reputation evidence (see, State v Blake, 157 Conn 99, 249 A2d 232; Richmond v City of Norwich, 96 Conn 582, 115 A 11, 16; Freeman v State, 486 P2d 967, 974-975 [Alaska]; State v Dickerson, 77 Ohio St 34, 82 NE 969; State v Richards, 126 Iowa 497, 102 NW 439, 441; Alaska Rules Evid, rule 405 [a]; Ariz Rules Evid, rule 405 [a]; Ark Rules Evid, rule 405 [a]; Cal Evid Code § 1102; Colo Rules Evid, rule 405 [a]; Haw Rules Evid, rule 405 [a]; Idaho Rules Evid, rule 405 [a]; Iowa Rules Evid, rule 405 [a]; Kan Stat Annot §§ 60-446, 60-447; Md Code, Cts & Jud Proc § 9-115; Minn Rules Evid, rule 405 [a]; Mont Rules Evid, rule 405 [a]; Neb Rev Stat § 27-405; Nev Rev Stat § 48.045; NJ Rules Evid, rule 47; New Mex SCRA, rule 11-405; NC Rules Evid, rule 405; ND Rules Evid, rule 405; Ohio Rules Evid, rule 405 [A]; Okla Stat Annot, tit 12, § 2405 [a]; Ore Evid Code, ch 40.350, rule 608; RI Rules Evid, rule 405 [a]; SD Code Laws § 19-12-6, rule 405 [a]; Tex Rules Crim Evid, rule 405 [a]; Utah Rules Evid, rule 405 [a]; Vt Rules Evid, rule 405; W Va Rules Evid, rule 405 [a]; Wis Stat Annot § 904.05; Wyo Rules Evid, rule 405 [a]; but see, Del Rules Evid, rule 405; Fla Stat Annot § 90.405; Me Rules Evid, rule 405; Mich Rules Evid, rule 405; Wash Rules Evid, rule 405). Both the Model Code of Evidence (rule 306 [2] [a]) and the Uniform Rules of Evidence (rule 405, 13A ULA [Master ed]) provide for the acceptance of personal opinion as character evidence. Further, the Federal Rules of Evidence now provide that "[i]n all cases in which evidence of character * * * is admissible, proof may be made by testimony as to *657 reputation or by testimony in the form of an opinion” (rule 405 [a]).
The Van Gaasbeck rule has fallen into disfavor because it, quite simply, does not promote the truth-seeking process. The rule is objectionable because it requires rejection of the more reliable form of proof, i.e., the opinions of those in a position to know the accused’s character, while exposing the trier of fact to unverifiable hearsay of unknown origin. Further, it places the jury in the difficult position of having to evaluate the validity of so nebulous a concept as the opinion held of the defendant by the "general community,” while the personal opinions of the testifying witnesses, which may readily be examined for credibility, bias and reliability through traditional forms of cross-examination, must be ignored. As Wig-more notes: "The Anglo-American rules of evidence have occasionally taken some curious twistings in the course of their development; but they have never done anything so curious in the way of shutting out evidential light as when they decided to exclude the person who knows as much as humanly can be known about the character of another, and have still admitted the secondhand, irresponsible product of multiplied guesses and gossip which we term 'reputation’.” (7 Wigmore, op. cit., at 244; accord, Jones, Evidence § 4:45, at 474; Morgan, Basic Problems of State and Federal Evidence, at 311 [Weinstein 5th ed].) For these reasons, it has been said that "the rules * * * pertaining to the method of proving character [in New York] most urgently require reform” (Fisch, New York Evidence § 185, at 110 [2d ed] [emphasis in original]).
When viewed against this impressive array of authority favoring change, the reasons for retaining the Van Gaasbeck rule seem insubstantial. The "practical” concerns that were expressed in Van Gaasbeck, i.e., the difficulty of ascertaining the facts underlying the witness’s opinion and the danger of proliferating collateral factual issues, can be resolved by careful tailoring of the rules governing character evidence. The Federal Rules, for example, provide that only the witness’s opinion may be elicited on direct examination; questioning about specific acts or the facts which form the basis for the witness’s opinion is permitted only if the prosecution wishes to explore the matter further on cross-examination (Fed Rules Evid, rule 405 [a]; accord, Cal Evid Code § 1102). This limitation effectively eliminates any prejudice or unfair surprise to the prosecution that might flow from a defense witness’s *658 direct testimony about specific facts pertaining to the defendant’s character (see, Fed Rules Evid, rule 405, Advisory Comm Note). Similarly, because discussion of specific facts is permitted only on cross-examination, "[t]he danger of collateral issues [is] no greater than that inherent in reputation evidence” (Cal Evid Code § 1102, Law Rev Commn Comment).
In the absence of any persuasive — or even colorable — justification for retaining the much-criticized Van Gaasbeck rule, I would hold, as defendant argues, that it is no longer tenable in New York.[1] This position, in turn, leads me to the further conclusion that, contrary to the majority’s statement that "defendant’s remaining points * * * are either lacking merit, unpreserved or riot grounds for reversal” (majority mem at, 654), there must be a reversal and retrial here.
First, although the People half-heartedly argue otherwise, the question of the correctness of the trial court’s evidentiary rulings clearly presents a "question of law” within the meaning of CPL 470.05 (2). At the outset, the court instructed defendant, who proceeded pro se at trial, that his character witnesses would be confined to testifying about his reputation and could not state what they knew of his character from personal knowledge. Further, defendant’s efforts to elicit character opinion evidence from his witnesses were repeatedly frustrated by the court, which directed the witnesses to speak only of defendant’s "reputation,” directed that their other testimony be stricken and even excluded a witness after determining that, despite her personal knowledge of defendant, she was not qualified to speak on his reputation in the general community. Defendant repeatedly protested the court’s rulings, and there is no claim that he subsequently acquiesced. Thus, the question defendant now asks this court to consider, whether the presentation of his character defense was properly restricted to reputation evidence, was sufficiently brought to the trial court’s attention and was, in fact, "expressly decided” by that court, raising a "question of law” under CPL 470.05 (2).
Second, in light of the evidence as a whole, the court’s *659 rulings with respect to the presentation of defendant’s character defense, which I deem unduly restrictive, cannot be considered harmless. While the evidence against defendant, consisting of the testimony of the victim and her young son, was strong, it was far from ironclad. Indeed, the son’s testimony, which was highly important in establishing defendant’s willing participation as an accomplice to his companion’s acts in firing at the victim, was internally inconsistent and contradicted the main prosecution witness’s testimony in several material respects. Further, although the prosecution offered two possible, alternative motives for the shooting — revenge for the victim’s decision to become a police informant and robbery —neither was established by convincing proof. Thus, while there was certainly enough evidence for the jury to infer defendant’s guilt, it cannot be said that the evidence was so overwhelming as to render harmless the court’s repeated rulings on defendant’s character evidence, which kept important and relevant facts from the jury and drastically impaired the presentation of the defense (see, People v Crimmins, 36 NY2d 230; cf., People v Aharonowicz, 71 NY2d 678 [character evidence may suffice to raise a reasonable doubt when considered with the other evidence presented in the case]).[2]
In sum, inasmuch as the existing New York rules governing presentation of a character defense lack persuasive rationale and, in fact, impede, rather than advance, the truth-finding process, I conclude that those rules are no longer viable and ought to be overruled. Moreover, since application of those rules at defendant’s trial seriously impaired his ability to present his case, a reversal of his conviction, with a direction for a new trial, is required. Accordingly, because the majority has found no basis to disturb the affirmed judgment appealed from, I respectfully dissent.
Chief Judge Wachtler and Judges Simons, Kaye, Alexan *660 der, Hancock, Jr., and Bellacosa concur; Judge Titone dissents and votes to reverse in an opinion.
Order affirmed in a memorandum.

. Indeed, even on this appeal, in which the question of the rule’s continuing vitality has been extensively briefed by defendant’s appellate counsel, the People have not identified, or even seriously attempted to identify, a viable ground for retaining the rule. Instead, they have simply argued that the trial court’s rulings here were consistent with Van Gaasbeck and that, alternatively, the error in the court’s rulings, if any, was harmless.

. In this connection, it is worth noting that, as demonstrated by the defense witnesses’ answers on voir dire and by the defense testimony that was stricken, there was considerable evidence, in addition to that which the jury was permitted to hear, to support defendant’s character defense. Defendant, who had been a reverend in his community for several years, had apparently impressed a number of people in that community as having an honest and peaceful character. The court’s rulings, which prevented him from placing much of these individuals’ testimony before the jury, were particularly unfair, in light of the emphasis the prosecution placed on the religious commitment of the victim, who characterized herself as a "born again” Christian.