Burke, J.
The judgment convicting defendant of assault in the second degree must be reversed because of the erroneous exclusion of evidence which is competent, relevant and material to the issues.
The excluded evidence dealt with defendant’s reputation for peacefulness in the community in which he resided, and the alleged hostility of the complaining witness.
“ [I]t is well settled that in a criminal prosecution, the defendant may introduce evidence as to his own good character for the purpose of raising an inference that he would not be likely to commit the offense charged. People v. Van Gaasbeck, 189 N. Y. 408 * * *; Cancemi v. People, 16 N. Y. 501.” (Richardson, Evidence [8th ed.], § 154; 7 Wigmore, Evidence [3d ed.], § 1981.) Although the attempts of defense counsel to introduce the evidence were lacking in legal preciseness, they nevertheless corresponded to methods generally approved (Michelson v. United States, 335 U. S. 469; People v. Van Gaasbeck, 189 N. Y. 408; 7 Wigmore, Evidence [3d ed.], § 1983) and deserved the approval of the trial court. Objections to the exclusion of character evidence cannot be taken lightly. ‘ ‘ This court *15 has frequently stated that evidence of good character is a matter of substance; [sic] not of form, in criminal cases, and must be considered by the jury as bearing upon the issue of guilt, even when the evidence against the defendant may be very convincing.” (People v. Colantone, 243 N. Y. 134, 136; People v. O’Regan, 221 App. Div. 331.) Indeed the value of such testimony is pointed up by our rule as to the effect of evidence of good character. (People v. Trimarchi, 231 N. Y. 263; see, also, People v. Johnson, 5 N Y 2d 1000.) The prejudice here suffered by the defendant as a result of the exclusion of the character evidence entitles him to a new trial.
An additional error was committed by the trial court in refusing to allow testimony offered by defendant which tended to make apparent the hostility of the complaining witness. Defense counsel gave the correct reason for admission of such testimony when he stated: “ I want to attack the credibility of your witness ”. As there was only one other eyewitness to the crime, the defendant was seriously prejudiced when he was prevented from trying to show that the testimony of the complainant was actuated by feelings of hostility and revenge. It is conceivable that a jury might not have believed such testimony if the defendant had been permitted to testify as to prior conduct and statements. “ The rule is settled in this state, by repeated decisions of this court, that the hostility of a witness toward a party, against whom he is called, may be proved by any competent evidence. As it was stated in People v. Brooks (131 N. Y. 321, 325), the hostility ‘ may be shown by cross-examination of the witness, or witnesses may be called who can swear to facts showing it. There can be no reason for holding that the witness must first be examined as to his hostility, and that then, and not till then witnesses may be called to contradict him.’ ” (People v. Lustig, 206 N. Y. 162, 172.)
The discretion of the trial court consequently does not encompass a refusal to admit any such evidence, but rather permits it to limit the quantity thereof. (Garnseg v. Rhodes, 138 N. Y. 461.)
Other contentions of the defendant regarding statements made by complainant at the time of her admission to the hospital, and the alleged harmful conduct of the District Attorney, need not be considered here, in view of the necessity for a new trial.
*16 The judgment of the Appellate Division should be reversed, and the case remanded for a new trial.
Chief Judge Desmond and Judges Dye, Ftjld, Fboessel, Van Voobhis and Fostee concur.
Judgment reversed and a new trial ordered.