**Josephine T. COMER, Administratrix of the Estate of Harold V. Comer, Plaintiff-Appellant**

v.

**PENNSYLVANIA RAILROAD COMPANY, Defendant-Appellee.**

No. 84, Docket 28096.

United States Court of Appeals Second Circuit.

Argued Oct. 22, 1963.

Decided Oct. 22, 1963.

Nathan Baker, Hoboken, N. J. (Bernard Chazen and Baker, Garber & Chazen, Hoboken, N. J., on the brief), for plaintiff-appellant.

David J. Mountain, Jr., New York City (Myron D. Cohen and Conboy, Hewitt, O'Brien & Boardman, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and MEDINA and FRIENDLY, Circuit Judges.

PER CURIAM.

We affirm in open court a judgment entered on a jury verdict for defendant in this F. E. L. A. death action against the Pennsylvania Railroad. It is claimed that a verdict should have been directed in plaintiff's favor and that it was prejudicial error to receive in evidence a record card of the railroad containing matter relating to the conduct of a "key" witness for plaintiff and to his discharge or resignation from the employ of the railroad. There is ample evidence to support the verdict. Indeed, plaintiff barely made out a *prima facie* case. It would have been plain error had plaintiff's motion for a directed verdict been granted. As the proof objected to tended to establish the hostility of the witness to the railroad it was independ-

ently admissible for consideration by the jury on the issue of the credibility of the witness. Such evidence, unlike that of proof of prior inconsistent statements, requires no foundation by questions on the cross-examination of the witness. United States v. Beekman, 2 Cir., 1946, 155 F.2d 580; People v. McDowell, 1961, 9 N.Y.2d 12, 210 N.Y.S.2d 514, 172 N.E. 2d 279. The trial judge instructed the jury that this proof was to be considered solely on the issue of the credibility of the witness.

Affirmed.