Wachtler, J.
The defendant has been convicted of possession and of sale of narcotics and related offenses. He claims that the convictions must be set aside because the court refused to allow one of his alibi witnesses to testify that the defendant was in New Jersey at the time he allegedly made the sale in New York City. We have concluded that the defendant should be granted a new trial on the sale count.
At the trial a plain-clothes patrolman, Louis Christiansen, testified that he had purchased drugs from the defendant, at the defendant’s Manhattan apartment shortly before one o’clock on the afternoon of February 1, 1972. The officer stated that one of his superiors had received a complaint or tip that drugs were being sold at the apartment and he had gone to investigate. Prior to that he had never seen or heard of the defendant. When he arrived he knocked on the door and hearing a woman’s voice, he asked for "Timmy”. According to Christiansen the defendant then partially opened the door and the officer held out $6 and said he wanted "a bag of stuff’. The defendant closed the door and returned with "a tinfoil”. The officer took the tinfoil, gave the defendant the money and left. Later that day he brought the tinfoil to a police laboratory where it was analyzed and found to contain heroin.
The following day, February 2, 1972, Christiansen and seven other officers returned to the apartment with a search warrant and seized 9 grains of a substance containing heroin, 45 valium tablets, 8 capsules containing barbiturates, 4 Vi methadone tablets, a revolver and several hypodermic needles, eyedroppers, bottlecaps and measuring spoons. The defendant, his wife, and another man found in the apartment, were . arrested. The defendant was indicted for possession (fourth and sixth degree) and sale (third degree) of a dangerous drug on February 1, 1972. He was also charged with four counts of possession of a dangerous drug in the sixth degree, criminally using drug paraphernalia in the second degree, criminal possession of a hypodermic instrument and felonious possession of a weapon, all committed on February 2, 1972. The charges against the other two individuals were dropped.
The People relied solely on the testimony of Officer Christiansen to prove the defendant’s guilt of possession and sale on February 1, 1972, a transaction to be distinguished from *225 the possession on February 2 established by the police search pursuant to the warrant. The defense on the other hand called several witnesses to establish that the defendant was actually in New Jersey, visiting his sister at the time the officer allegedly purchased the drugs at the apartment.
The defendant’s wife testified that he left for New Jersey at approximately 11:30 that morning and did not return to the apartment until late in the evening. Marcy Sweeney, a close family friend, stated that she visited the defendant’s wife for lunch on that date and was in the apartment from approximately 12:30 to 1:30. She did not see the defendant. The defendant’s sister testified that she met the defendant at the East Orange bus terminal at approximately one o’clock. Arriving at her apartment about a half hour later they met her roommate Charlene Latham, who was just returning home. According to the defendant’s sister the three of them remained in the apartment until 9:30 that evening when they all boarded a bus for New York City.
In accordance with former CPL 250.20 the defendant had, prior to trial, notified the District Attorney that he intended to call his wife, his sister and Marcy Sweeney as alibi witnesses. But he had not included Charlene Latham in the notice. Thus when he called her to the stand the prosecutor moved to preclude her from testifying because of the defendant’s "failure to comply with the statutory requirement of notice.” Defense counsel conceded that among other things - she would testify that the defendant was at the New Jersey apartment "at approximately 1:30 on that date.” Relying on the statute the court held that this testimony should be excluded. He stated: "I am going to let her testify to anything other than the alibi defense.” Accordingly, upon taking the stand she was only permitted to testify that she, the defendant and his sister, left the New Jersey apartment at 9:30 that evening.
The jury found the defendant guilty of selling drugs on February 1, 1972 (criminally selling a dangerous drug in the third degree). They also found that he was guilty of possessing certain contraband items seized on February 2, 1972 (three counts of criminal possession of a dangerous drug in the third degree, possession of a hypodermic instrument and possession of a weapon as a felony).
Several months after the jury returned the verdict in this case the Supreme Court held that a notice-of-alibi statute *226 which did not provide for reciprocal discovery was unconstitutional (Wardius v Oregon, 412 US 470). Following that decision we held in People v Bush (33 NY2d 921) that CPL 295-7 (the predecessor of former CPL 250.20) was also unconstitutional since there was "no significant difference” between that section and the statute found unconstitutional in Wardius. Later in People v Morales (37 NY2d 262) we decided that the holding in Bush should be applied retroactively on direct appeal in those cases where the defendant had been precluded from introducing alibi testimony because of his failure to comply with the notice requirement (the former CPL 250.20). Thus the trial court’s ruling in this case must now be considered erroneous. The People concede this but argue that the error was harmless because Charlene Latham’s testimony would have been merely cumulative.
Since the error involved the defendant’s constitutional rights it cannot be considered harmless unless "there is no reasonable possibility that [it] might have contributed to the defendant’s conviction and that it was thus harmless beyond a reasonable doubt” (People v Crimmins, 36 NY2d 230, 237). We do not believe that can be said in this case.
Although the People would now minimize the effect of the court’s ruling, the record shows that they capitalized on it at trial. During summation the prosecutor repeatedly brought to the jury’s attention the fact that the defendant’s alibi depended on the testimony of two family members and a close family friend, Marcy Sweeney, who he sometimes described as the defendant’s cousin. After emphasizing the obvious interest the defendant’s wife and sister had in seeing that the defendant was acquitted, the prosecutor pointedly observed: "Maybe this case boils down to Mary [sic] Sweeney or Louis Christian-sen” the plainclothesman who allegedly made the purchase.
As regards the testimony of Charlene Latham, the prosecutor underscored the fact that she had not actually corroborated the defendant’s alibi. He noted that: "She testified that some time before [sic] nine o’clock that evening she and the defendant and the defendant’s sister came to New York. Now the person can be in Manhattan at one o’clock and be in East Orange, New Jersey at nine o’clock and it takes no great feat to take the transportation to accomplish it.”
At this trial then, because of the court’s ruling, the alibi defense rested on the testimony of two of the defendant’s relatives and a close family friend. Although Charlene Lat- *227 ham may not have been a completely disinterested third party, she was certainly less susceptible to impeachment for personal bias than the defendant’s other alibi witnesses. Under these circumstances, her testimony on the alibi defense could not be considered merely cumulative (cf. People v Carter, 37 NY2d 234, 238). In addition the refusal to allow her to corroborate the testimony of the defendant’s sister left a gap in the alibi defense which the prosecutor was quick to exploit. In short, on this record we cannot say that the erroneous exclusion of her alibi testimony was harmless beyond a reasonable doubt.
Accordingly the conviction for criminally selling narcotics in the third degree must be reversed and a new trial ordered on that count. However since the alibi defense did not relate to the other counts on which the defendant was convicted— based upon the seizure of contraband from his apartment on February 2, 1972—we see no reason to order a new trial on those counts.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur.
Order modified and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.