THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON ROSA, Appellant.

First Department, February 8, 1990

## APPEARANCES OF COUNSEL

*Ronald Alfano* of counsel *(Philip L. Weinstein,* attorney), for appellant.

*Raymond Vallejo* of counsel *(Stanley R. Kaplan* with him on the brief; *Robert T. Johnson, District Attorney,* attorney), for respondent.

## OPINION OF THE COURT

Ross, J.

The appeal before us presents the issue of whether the trial court committed reversible error, when it precluded the defendant from testifying to the fact that he had not been convicted of a crime.

In *Crane v Kentucky* (476 US 683, 690 [1986]) the United States Supreme Court unanimously held that "the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense' ". Further, that court has stated that the defendant's right to present a defense includes "the right to present the defendant's version of the facts" *(Washington v Texas,* 388 US 14, 19 [1967]).

This State, by statute, gives a defendant the right, at a criminal trial, if he chooses to exercise it, to "testify in his own behalf" (CPL 60.15 [2]).

By indictment, number 4823, filed October 17, 1986, a Bronx County Grand Jury charged that, on September 21 and 22, 1986, defendant committed the crimes of rape in the first degree (Penal Law § 130.35), sodomy in the first degree (Penal Law § 130.50), and sexual abuse in the first degree (Penal Law § 130.65).

Defendant pleaded not guilty and, on September 17, 1987, a jury trial commenced.

The primary witness for the People was Ms. Gladys Lopez. In substance, Ms. Lopez testified, as follows: on September 21, 1986, at approximately 9:30 P.M., she attended a party in the courtyard of the building in which her sister resided, which

was located at 1420 Grand Concourse, Bronx County; at this party, her sister, who knew defendant's brother, introduced her to defendant; and, thereafter, she and the defendant socialized together at the party until approximately 11:30 P.M., when they decided to leave, in order to take a walk. According to Ms. Lopez, she consumed two beers, while at the party. Further, Ms. Lopez testified that, as they were walking, the defendant suddenly put a knife to her throat, choked her, and dragged her into an alleyway, and, when she asked him what he was doing, the defendant allegedly "told me that he had just gotten out of jail", that he wanted to have intercourse, "and that he was going to get it from me". Thereafter, this witness testified that defendant forced her to perform fellatio, have sexual intercourse with him, and finally, she was able to run away. Also, she testified that, during the course of the attack, defendant threatened her and struck her in the face.

Ms. Lopez promptly reported the incident to the police and described her attacker as 6 feet tall, 36 years old, wearing a mustache and a beard, and "he had brown eyes or light eyes or something like that".

Defense counsel cross-examined Ms. Lopez about whether her attacker had told her that "he was in jail for about seven years", and she answered "I don't know. It's possible, but I don't recall. I know he said he had been in jail". This inquiry of defense counsel was based upon a complaint report, which indicated the attacker "also said he had not had sex for 7 years because he had been serving time".

Besides Ms. Lopez, the People called as a witness, among others, New York City Police Officer Hector Lebron (Officer Lebron).

Officer Lebron testified, in substance, he interviewed Ms. Lopez, and she described her attacker as "approximately six feet, 130 pounds, male Hispanic, with a beard, moustache and blue jeans". On cross-examination, defense counsel asked Officer Lebron, if Ms. Lopez had told him how long the attacker claimed he had been in jail, and Officer Lebron replied "All I remember was that she told me that the person said * * * he had been in jail". When defense counsel showed the officer the portion of the complaint report, mentioned *supra,* which contained the reference to the attacker having been in jail seven years, the officer testified it did not refresh his recollection on that point.

Before defendant took the stand, defense counsel informed

the trial court, outside the presence of the jury, that his client had no prior convictions. Further, defense counsel stated that three days previous to the instant incident, defendant had been arrested concerning an unrelated charge, detained in police custody for approximately three hours, and then released. Finally, defense counsel asserted that the unrelated charge against defendant had been dismissed, and the record sealed.

After colloquy, outside the presence of the jury, between the trial court, defense counsel, and prosecutor, the trial court precluded defendant from testifying that he had never been convicted of a crime. Defense counsel objected to that ruling.

. The defense consisted of the testimony of defendant. In accordance with the trial court ruling, defendant was not asked, and did not volunteer, anything concerning the fact that he had not previously been convicted of a crime.

Defendant testified that he is 5 feet, 8 inches tall, was approximately 26 years old in September 1986, married, and the father of three children. Further, he testified that he spent the evening in question with his brother, who had brought him to the courtyard party, and he knew Ms. Lopez' sister through his brother. Additionally, he testified that, at the party, he was introduced to Ms. Lopez, he drank three beers there, and socialized. Also, he testified he danced with Ms. Lopez, who was drunk, and, since she kept falling down, he left Ms. Lopez with her sister. Thereafter, defendant testified that, at some time during the party, Ms. Lopez disappeared, and he did not see her again, until he left the party with his brother. Finally, defendant denied he raped or sodomized Ms. Lopez.

On appeal, defendant contends, in substance, that the trial court committed reversible error when it precluded defendant from testifying that he had not been previously convicted of a crime.

■ It is well-established law that a trial court abuses its discretion when it improperly impedes a criminal defendant's right to present his or her defense *(see, People v Gilmore,* 66 NY2d 863, 866-867 [1985]; *People v Carter,* 37 NY2d 234, 239-240 [1975]).

The United States Supreme Court in *Chambers v Mississippi* (410 US 284, 294 [1973]) held, in pertinent part: "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the

State's accusations. The rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process".

Since Ms. Lopez had testified her attacker claimed to have just been released from prison, we find that, in view of defendant's trial strategy, it was critical for him to testify that he had no prior convictions if he was to present a complete defense *(Crane v Kentucky, supra)*. Therefore, we further find that the trial court's preclusion of that testimony fatally undermined the defense.

In other words, defendant presented the defense of misidentification. He concedes the complainant was raped, but argues that he did not do it. The statement in the police report that the perpetrator was in jail for seven years went right to the core of defendant's misidentification defense. To forbid the jury from hearing evidence that defendant had not been previously convicted of a crime, served to curtail defendant's right to offer a meaningful defense. It denied this defendant his due process right to a fair trial *(People v McDowell,* 9 NY2d 12 [1961]). Moreover, preclusion of that testimony gave the jury a distorted view of defendant's character, since, on the one hand, the People's witness, Ms. Lopez, had testified her attacker had told her "he had just gotten out of jail", and, on the other hand, the defense had not offered any evidence that defendant had not been convicted of a crime. We stated in *People v Rahman* (62 AD2d 968, 971 [1978], *affd* 46 NY2d 882 [1979]) that a trial court abuses its discretion, when its ruling on evidence diverts "the jury's attention from the true [issue] bearing upon identification".

Since it is crystal clear to us that defendant's character had been put in issue by the People, we find it was unfair, and a deprivation of due process, when the trial court precluded defendant from presenting evidence of his good character. More than a quarter of a century ago, the Court of Appeals held in *People v McDowell (supra,* at 14-15), in pertinent part, "Objections to the exclusion of character evidence cannot be taken lightly. This court has frequently stated that evidence of good character is a matter of substance; *[sic]* not of form, in criminal cases, and must be considered by the jury as bearing upon the issue of guilt * * *' *(People* v. *Colantone,* 243 N. Y. 134, 136 * * *)".

■ Before a trial court error, which concerns a Federal constitutional right, can be found to be harmless, "[a] court

must be able to declare a belief that [the error] was harmless beyond a reasonable doubt" *(Chapman v California,* 386 US 18, 24 [1967]; *People v Crimmins,* 36 NY2d 230, 237 [1975]). Since a criminal defendant has the constitutional right to have a " 'meaningful opportunity to present a complete defense' " *(Crane v Kentucky, supra,* 476 US, at 690), and our review of the evidence, in this single witness case, compels the conclusion that the proof of defendant's guilt was far from overwhelming, we find that the trial court's error, in precluding defendant from testifying that he had not been previously convicted of a crime, was not "harmless beyond a reasonable doubt" *(Chapman v California, supra,* at 24).

Based on our analysis *supra,* "we are unwilling to conclude that there is no reasonable possibility that the [trial court's preclusion ruling did not contribute] to the guilty verdict against [defendant]" *(People v Smalls,* 55 NY2d 407, 416 [1982]).

In summary, if in fact the evidence had shown that defendant had just been released after seven years in jail, same would have been admissible against him, as relevant, and with devastating effect. Conversely, the fact that he was never convicted of any crime, is no less relevant, under this fact pattern, and should have been admissible in his favor. Anything less would be unfair. Since there can be no dispute that on cross-examination the People may ask defendant if he had previously been convicted of a crime, it would be unfair, and deprive defendant of due process, if he could not testify, in his own behalf, that he had never been convicted of a crime.

Accordingly, judgment, Supreme Court, Bronx County (David Levy, J.), rendered October 23, 1987, which convicted defendant, after a jury trial, of the crimes of rape in the first degree (Penal Law § 130.35), and sodomy in the first degree (Penal Law § 130.50), and sentenced him to concurrent indeterminate terms of imprisonment of from 3 to 9 years, should be reversed, on the law and on the facts, judgment vacated, and the matter remanded for a new trial.

MURPHY, P. J., ELLERIN, SMITH and RUBIN, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered on October 23, 1987, unanimously reversed, on the law and on the facts, the judgment vacated, and the matter remanded for a new trial.