OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 On November 4, 1992, defendant Lorenzo Blakeney was arrested with codefendant Shakira Fleming for allegedly selling crack cocaine to an undercover police officer. Twelve days later, on November 16, 1992, defendant was again arrested with Fleming for allegedly committing the nearly identical offense at almost the identical location.
 

 After a jury trial, Supreme Court found defendant guilty of criminal sale of a controlled substance in the third degree and sentenced defendant to an indeterminate term of imprisonment from a minimum of five and one-half years to a maximum of eleven years. The Appellate Division, with one Justice dissenting, affirmed. We now affirm.
 

 Defendant’s claim that he had never seen or known Fleming before his arrest on November 4, 1992, when the arresting officer directed that she be brought to stand next to defendant, opened the door to evidence tending to disprove his account. Thus, it rendered the People’s questions regarding the subsequent arrest with Fleming on November 16, 1992 relevant for "contradiction and response” with respect to the November 4, 1992 existence of their relationship and not simply to impeach his general credibility
 
 (see, People v Betts,
 
 70 NY2d 289, 295). The courts below did not err in holding that the defense counsel’s conduct during summation was not incompetent
 
 (see, People v Satterfield,
 
 66 NY2d 796, 799-800). Defendant’s claims that Supreme Court displayed prosecutorial bias and impermissibly shifted the burden of proof away from the People in the jury charge are unpreserved for this Court’s review.
 

 The defendant’s remaining claims have been considered and are without merit.
 

 
 *1013
 
 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.