91 N.Y.2d 979 (1998)
697 N.E.2d 172
674 N.Y.S.2d 271
The People of the State of New York, Respondent,
v.
Terry Aska, Appellant.
Court of Appeals of the State of New York.
Argued March 25, 1998.
Decided May 5, 1998.
Richard Joselson, New York City, and Daniel L. Greenberg for appellant.
Charles J. Hynes, District Attorney of Kings County, Brooklyn (Rhea A. Grob and Roseann B. MacKechnie of counsel), for respondent.
Chief Judge KAYE and Judges BELLACOSA, SMITH, LEVINE and WESLEY concur; Judge TITONE dissents and votes to reverse in an opinion in which Judge CIPARICK concurs.
*980 MEMORANDUM.
The order of the Appellate Division should be affirmed.
The issue here is whether the trial court improperly precluded the testimony of a defense witness. On August 21, 1995, defendant and the complainant, Makasi Knight, met by chance on Church Avenue in Brooklyn. Knight testified that upon reaching the defendant he calmly inquired about an alleged "slapping incident" that he believed had occurred five days earlier between the defendant and Knight's girlfriend. According to Knight, the defendant did not respond but instead pulled out a knife, stabbed him in the torso and ran away. The defendant disputes this rendition of the facts. He asserts that on the evening of the stabbing, Knight purposefully crossed the street to confront him, blocked his path, yelled and swore at him, punched him in the stomach and at one point bent down in what appeared to be an attempt to reach a closed, zippered, black bag. It was at that moment, claims defendant, that he, in fear for his life, stabbed Knight with a kitchen knife. The defendant was convicted of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). The Appellate Division affirmed the conviction.
On appeal, defendant contends that the trial court erred in precluding the testimony of a defense witness who would have corroborated his version of the "slapping incident." According to the defendant, while at the hospital visiting his girlfriend and newborn child, he argued with Knight's girlfriend over certain disparaging comments she had allegedly made about him. Knight testified that his girlfriend later told him that the defendant had slapped her during this altercation. The defendant denied slapping Knight's girlfriend and sought to introduce the testimony of Dolores Simms, the mother of defendant's girlfriend, who was present during the altercation and would have testified that no slap occurred. Defendant maintains that whether such a slap occurred was a material issue in the case and bore directly on his state of mind and the reasonableness of his use of deadly physical force. Specifically, a key premise of the defense theory was that since there had been no slap in the hospital room, the defendant would not *981 have been in a state of fear or paranoia at the prospect of encountering Knight so as to stage an unprovoked attack on Knight. Thus, argues defendant, the proffered testimony of a disinterested witness in support of his version of a material aspect of the case was not cumulative and did not merely bolster his case.
We disagree. The determination that proffered evidence addresses material or collateral issues in a case is made only after examining the particular circumstances of each case (see, People v Pavao, 59 N.Y.2d 282, 288-289). As a general rule, the trial court is granted broad discretion in making evidentiary rulings precluding or admitting such evidence and, absent an abuse of discretion, a trial court's decision should not be disturbed on appeal.
In the instant case, defendant does not deny stabbing the complainant. Instead the critical inquiry in the case was whether defendant's use of deadly physical force was reasonable (see generally, Penal Law § 35.15). What did or did not happen at the hospital  the substance of Ms. Simms's proposed testimony  was collateral because it was not relevant in establishing either the defendant's state of mind (see, People v Miller, 39 N.Y.2d 543, 551 [stating that defendant's state of mind is a material issue where defense of justification is presented]) or the reasonableness of his use of deadly physical force in these circumstances (see, People v Goetz, 68 N.Y.2d 96, 114-115; People v Wesley, 76 N.Y.2d 555, 559 [in a justification defense case where the reasonableness of defendant's use of deadly force is at issue, "(t)he critical focus must be placed on the particular defendant and the circumstances actually confronting him at the time of the incident."]). Moreover, it is unlikely that Ms. Simms's testimony would have contributed to the defendant's defense. Defendant argued that Knight was the initial aggressor and that Knight was motivated by the events which allegedly transpired at the hospital. If anything, testimony establishing that defendant did not slap Knight's girlfriend would have detracted from the theory that the victim attacked the defendant first. That the prosecution utilized the victim's testimony in its summation in an attempt to establish the defendant's motive does not alter our analysis in this case.
"In our adversary system, it is important to rivet the jury's attention on the real issues at trial without undue diversion to collateral matters having little or no bearing on the guilt or innocence of the defendant" (People v Miller, supra, at 551). The prospective witness's testimony was not probative on the issue *982 of whether defendant's use of deadly physical force was justified and the trial court did not abuse its discretion in precluding such testimony.
TITONE, J. (dissenting).
The testimony of Delores Simms in this case was material, and the trial court abused its discretion in excluding it. Simms's testimony would have gone to the heart of the People's theory of defendant's motive. Because a defendant is entitled to rebut the central premise of the People's case, the trial court should have allowed Delores Simms to testify. I would reverse and order a new trial.
Although I would agree with the majority that the trial court, absent an abuse, is accorded wide discretion in making evidentiary rulings (see, People v Scarola, 71 N.Y.2d 769, 777), the trial court's discretion in this area is circumscribed by the defendant's constitutional right to present a defense as well as by the rules of evidence (People v Hudy, 73 N.Y.2d 40, 57). Under these rules, a matter on which a witness will testify is not material and collateral if it "concern[s] more than the credibility of the People's witnesses" (id.; see also, People v Rosa, 153 AD2d 257; People v Scott, 104 AD2d 667). The testimony offered by the defense went beyond issues of credibility and should have been admitted.
Here, according to defense counsel's offer of proof, Simms would have testified that the defendant did not slap the complainant's girlfriend five days prior to the stabbing. The People's theory was that the "slapping incident" provided the sole motive for the defendant to stab the complainant. As the People argued in summation, defendant "was so concerned over some sort of retribution that he created this unrealistic absolutely mythical fear as to what might happen over what he did." The slapping incident created a "mythical and really paranoid state of mind" in the defendant that, in the People's view, caused the attack on the complainant. The defense, in turn, wanted to show that no slapping occurred and that, therefore, there was no merit to the People's theory that defendant had a "mythical, paranoid" state of mind, such that he would attack the complainant, unprovoked, the next time defendant encountered him.
The record could not be clearer that the People based defendant's motive on the "slapping incident," and defendant should have been able to present evidence that would have run counter to this proffered reason for the attack. Inasmuch as the People are allowed to prove defendant's motive (People v Schwarzmann, 24 N.Y.2d 241) *983 and inasmuch as the People are allowed to rebut key assertions of the defense (People v Blakeney, 88 N.Y.2d 1011), the defendant is also allowed to disprove the People's theory and to rebut the People's key assertions.
Like the trial court did below, the majority takes too narrow a view of the purpose for which the testimony of Delores Simms was offered. It is correct that this testimony would have challenged the credibility of the complainant's testimony, namely whether the complainant knew that defendant had slapped his girlfriend. However, the relevance of the proffered evidence was not limited to the credibility point, nor was it limited to defendant's justification defense. It could have, if credited, demonstrated that the prosecution's theory of defendant's motive was based on a false premise. If the jury did not believe that defendant had, in fact, slapped the complainant's girlfriend, it might have also rejected the People's argument that defendant had a "mythical, paranoid" state of mind that resulted in the stabbing.
The Second Department's conclusion that the Simms's testimony was properly excluded as cumulative of defendant's own is similarly flawed (see, 240 AD2d 674). Because a defendant is an interested witness and always susceptible to impeachment by personal bias, it is difficult to see how corroborative testimony could be so "cumulative" as to be unnecessary in a case such as this (see, People v Boone, 78 AD2d 461, 465 [First Department holding such testimony not cumulative]; see also, People v Dalton, 38 N.Y.2d 222, 227; People v Carter, 37 N.Y.2d 234, 238). These cases strongly suggest that another witness's testimony is not cumulative of defendant's own testimony.
In any event, where, as here, the People place an incident at the forefront of their case to prove defendant's motive, the testimony of a witness to that incident cannot be considered collateral. As a result, precluding such a witness, in this case Simms, from testifying was an abuse of discretion. I would reverse and order a new trial.
Order affirmed in a memorandum.