Titone, J.
(dissenting). The testimony of Delores Simms in this case was material, and the trial court abused its discretion in excluding it. Simms’s testimony would have gone to the heart of the People’s theory of defendant’s motive. Because a defendant is entitled to rebut the central premise of the People’s case, the trial court should have allowed Delores Simms to testify. I would reverse and order a new trial.
Although I would agree with the majority that the trial court, absent an abuse, is accorded wide discretion in making evidentiary rulings (see, People v Scarola, 71 NY2d 769, 777), the trial court’s discretion in this area is circumscribed by the defendant’s constitutional right to present a defense as well as by the rules of evidence (People v Hudy, 73 NY2d 40, 57). Under these rules, a matter on which a witness will testify is not material and collateral if it “concern [s] more than the credibility of the People’s witnesses” (id.; see also, People v Rosa, 153 AD2d 257; People v Scott, 104 AD2d 667). The testimony offered by the defense went beyond issues of credibility and should have been admitted.
Here, according to defense counsel’s offer of proof, Simms would have testified that the defendant did not slap the complainant’s girlfriend five days prior to the stabbing. The People’s theory was that the “slapping incident” provided the sole motive for the defendant to stab the complainant. As the People argued in summation, defendant “was so concerned over some sort of retribution that he created this unrealistic absolutely mythical fear as to what might happen over what he did.” The slapping incident created a “mythical and really paranoid state of mind” in the defendant that, in the People’s view, caused the attack on the complainant. The defense, in turn, wanted to show that no slapping occurred and that, therefore, there was no merit to the People’s theory that defendant had a “mythical, paranoid” state of mind, such that he would attack the complainant, unprovoked, the next time defendant encountered him.
The record could not be clearer that the People based defendant’s motive on the “slapping incident,” and defendant should have been able to present evidence that would have run counter to this proffered reason for the attack. Inasmuch as the People are allowed to prove defendant’s motive (People v *983 Schwarzmann, 24 NY2d 241) and inasmuch as the People are allowed to rebut key assertions of the defense (.People v Blakeney, 88 NY2d 1011), the defendant is also allowed to disprove the People’s theory and to rebut the People’s key assertions.
Like the trial court did below, the majority takes too narrow a view of the purpose for which the testimony of Delores Simms was offered. It is correct that this testimony would have challenged the credibility of the complainant’s testimony, namely whether the complainant knew that defendant had slapped his girlfriend. However, the relevance of the proffered evidence was not limited to the credibility point, nor was it limited to defendant’s justification defense. It could have, if credited, demonstrated that the prosecution’s theory of defendant’s motive was based on a false premise. If the jury did not believe that defendant had, in fact, slapped the complainant’s girlfriend, it might have also rejected the People’s argument that defendant had a “mythical, paranoid” state of mind that resulted in the stabbing.
The Second Department’s conclusion that the Simms’s testimony was properly excluded as cumulative of defendant’s own is similarly flawed (see, 240 AD2d 674). Because a defendant is an interested witness and always susceptible to impeachment by personal bias, it is difficult to see how corroborative testimony could be so “cumulative” as to be unnecessary in a case such as this (see, People v Boone, 78 AD2d 461, 465 [First Department holding such testimony not cumulative] ; see also, People v Dalton, 38 NY2d 222, 227; People v Carter, 37 NY2d 234, 238). These cases strongly suggest that another witness’s testimony is not cumulative of defendant’s own testimony.
In any event, where, as here, the People place an incident at the forefront of their case to prove defendant’s motive, the testimony of a witness to that incident cannot be considered collateral. As a result, precluding such a witness, in this case Simms, from testifying was an abuse of discretion. I would reverse and order a new trial.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine and Wesley concur; Judge Titone dissents and votes to reverse in an opinion in which Judge Ciparick concurs.
Order affirmed in a memorandum.