■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TORRES, Appellant. [726 NYS2d 852] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered March 2, 2000, convicting defendant, after a jury trial, of two counts of assault in the first degree, and sentencing him to concurrent terms of 12½ to 25 years, unanimously affirmed.

Under the particular circumstances, the court's failure to make an advance ruling on defendant's *Sandoval* application did not deprive defendant of a fair trial. The court did not permit the prosecutor to inquire about the homicide case leading to defendant's psychiatric commitment, even after defendant opened the door to such inquiry. The remaining incidents elicited on cross-examination of defendant about which he complains on appeal were not the proper subject of a *Sandoval* ruling. Rather than being elicited as "bad acts" for the purpose of impeaching defendant's general credibility, these incidents (some of which were not even "bad acts" to begin with) were directly relevant to defendant's justification defense (*see, People v Blakeney*, 88 NY2d 1011), and thus were not subject to preclusion on *Sandoval* grounds. Moreover, their relevance could not be ascertained until defendant actually testified.

The isolated portion of the prosecutor's summation challenged by defendant on appeal, taken in context, constituted fair comment on the evidence and does not warrant reversal.

We perceive no basis for reduction of sentence. Concur—Rosenberger, J. P., Andrias, Lerner, Saxe and Friedman, JJ.