■ SEAN SEGOTA, Appellant, v TISHMAN CONSTRUCTION CORPORATION OF NEW YORK et al., Respondents. [17 NYS3d 8]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered November 10, 2014, which denied plaintiff's motion to set aside the jury verdict to the extent it awarded him $60,000 for past pain and suffering and $0 for future pain and suffering, future medical expenses, and future lost earnings,

unanimously reversed, on the law and the facts, without costs, and the motion granted to the extent of remanding the matter for a new trial on the issue of damages.

This matter proceeded to a trial on damages after plaintiff, a 44-year-old carpenter who fell 14 feet from a wall while working at the World Trade Center construction site, was awarded summary judgment on a claim under Labor Law § 240 (1). Plaintiff's doctor testified at trial that plaintiff suffered a traumatic disruption to the Lisfranc joints in his right foot, an injury that tends to cause the surrounding tarsal or metatarsal bones to fracture or become dislocated, rendering the foot unstable. The doctor performed surgery on plaintiff's foot, using screws to compress the surfaces of the two bones together so the bones would fuse into a single bone. He testified that the surgery initially showed successful results and that he gave plaintiff permission to resume work after approximately four months. Plaintiff resumed working, but after two weeks he was too uncomfortable to continue. The doctor recommended that he take some more time off. Four months later plaintiff again attempted to resume working but could not. Again the doctor confirmed that the bones had fused as planned. However, plaintiff continued to complain of significant pain, and the doctor, after realizing from an x-ray that a bone spur had formed in the foot, diagnosed traumatic arthritis, a progressive condition that would cause plaintiff pain for the rest of his life. The doctor ultimately recommended that plaintiff seek out job retraining and choose a more sedentary line of work.

Defendants' expert examined plaintiff's foot and the x-rays and testified that the examination was normal, the surgery was successful, and there was no evidence of abnormal motion in the foot in the post-operative films. He further testified that a pre-operative X-ray film he reviewed showed a bone spur, which he opined preexisted plaintiff's injuries. He also noted bone spurs in post-operative films, which he stated were growing. However, he explained that the preexisting bone spurs were more prominent and that, in any event, he was unable to find any objective evidence of an impairment. He acknowledged that one can have changes to a bone or joints adjacent to a fusion site and that abnormal movement of the adjacent bones could cause arthritis. However, when asked to state whether he agreed with plaintiff's expert's diagnosis of traumatic arthritis, he refused to answer "yes" or "no."

Plaintiff testified on his own behalf, and also produced vocational and economic experts who opined on the effect his injuries would have on his ability to earn a living in the future.

Plaintiff also requested permission to offer testimony from his wife, regarding the repercussions of the accident on her husband, and from a coworker who witnessed the accident and could also testify concerning the type of carpentry work plaintiff ordinarily did before the accident. However, the court denied those requests since it viewed any such testimony as cumulative.

The jury awarded plaintiff $60,000 for past pain and suffering and $250,000 for past lost earnings. However, it did not award any money for future pain and suffering, future lost earnings, or future medical expenses.* Plaintiff moved to set aside the verdict, arguing that the award of $60,000 for past pain and suffering was grossly inadequate and that the evidence supported an award for future pain and suffering. He further argued that the jury's failure to award any money for future lost earnings and future medical expenses was inconsistent with other portions of the verdict and unsupported by the trial evidence. He contended that the jury's failure to award damages commensurate with his injuries was due to the court's erroneous decisions preventing his wife and his coworker from testifying. The court denied plaintiff's motion, simply stating that the verdict was "consistent with the evidence before the jury."

It is difficult to understand how under these circumstances the jury saw fit to award plaintiff damages for his pain and suffering up to the point of trial, but nothing to compensate him for pain and suffering thereafter (see Lurker v Pellikaan, 23 AD3d 276 [1st Dept 2005]). Regardless, a new trial on damages is necessitated, because we disagree with the court's preclusion of testimony by plaintiff's wife and coworker. Testimony is properly precluded as cumulative when it would neither contradict nor add to that of other witnesses (see People v Brown, 57 AD3d 238 [1st Dept 2008], lv denied 12 NY3d 781 [2009]). Here, the testimony of plaintiff's wife and his coworker would have added to the testimony of other witnesses. First, the coworker saw plaintiff fall, and his testimony as to the impact to plaintiff's foot could have been highly probative of plaintiff's claim that the continuing pain in his foot was caused by the accident and did not pre-exist it, as defendants argued. Further, the coworker could have testified as to the particular duties carried out by plaintiff as a heavy-construction carpenter, which would have supported plaintiff's position that as a result of his injury he could no longer perform that kind of work. To be sure, plaintiff testified about his job duties, but the

---

* The parties stipulated to $35,465.46 for past medical expenses.

coworker's status as a disinterested witness would have given his testimony added value to the jury (*see People v Dalton*, 38 NY2d 222, 226-227 [1976]).

Nor was the proffered testimony of plaintiff's wife likely to be cumulative, notwithstanding her not having asserted a derivative claim. The wife had a unique perspective on her husband's condition before and after the accident, and could have assisted the jury in further understanding the extent of his disability and of his pain and suffering. Concur—Mazzarelli, J.P., Sweeny, Andrias, Saxe and Richter, JJ.