The People of the State of New York, Respondent,
against
Lee Nuwesra, Appellant.




Larkin, Ingrassia & Tepermayster, LLP (John Ingrassia and Kathleen V. Wells of counsel), for appellant.
Westchester County District Attorney (Christine DiSalvo and William C. Milaccio of counsel), for respondent.

Appeal from judgments of the City Court of Peekskill, Westchester County (Reginald J. Johnson, J.), rendered September 18, 2017. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated (common law), aggravated driving while intoxicated (per se), failing to use a designated lane, failing to signal while turning, and driving across hazard markings, respectively, and imposed sentences.




ORDERED that the judgments of conviction are affirmed.
At about 10:30 p.m. on March 21, 2014, defendant was arrested and ultimately charged in separate simplified traffic informations with aggravated driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2-a] [a]), common law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), driving across hazard markings (Vehicle and Traffic Law § 1128 [d]), failing to use a designated lane (Vehicle and Traffic Law § 1128 [c]), and failing to signal while turning (Vehicle and Traffic Law § 1163 [a]), respectively. At a jury trial, defendant's defense with respect to the driving while intoxicated charge was that his blood alcohol test result of .20 of one per centum by weight was due to his regurgitation, shortly before the test, of a medication with an alcohol content, and not to consumption of an alcoholic beverage. The City Court precluded a [*2]defense witness whose proposed testimony was that defendant had appeared ill on the afternoon of defendant's arrest. Defendant's spouse had already testified at length that defendant had been ill on the day of his arrest. Defendant, testifying in his own defense, also described his illness and the nature and quantity of Theraflu, the medication he had ingested, and denied having consumed any alcoholic beverages prior to being stopped for several moving violations. Following the trial, the jury convicted defendant of the charged offenses. On appeal, defendant argues that the preclusion of the witness denied him his constitutional right to a fair trial and to present a defense.
While the right to present a defense is fundamental (see Crane v Kentucky, 476 US 683, 690 [1986]), it is "not absolute" (People v Williams, 81 NY2d 303, 313 [1993]; see People v Hayes, 17 NY3d 46, 53 [2011]), and is subject to "the legitimate demands of the adversarial system" (People v Williams, 81 NY2d at 313 [internal quotation marks omitted]). " 'It is well established that the trial courts have broad discretion to keep the proceedings within manageable limits' " (People v Spencer, 20 NY3d 954, 956 [2012], quoting People v Hudy, 73 NY2d 40, 56 [1988]), and a court "has wide latitude to exclude evidence that is repetitive, is only marginally relevant, or poses an undue risk of confusion of the issues" (People v Jack, 149 AD3d 779, 780 [2017]).
As defendant offered no objection on constitutional grounds to the court's ruling excluding his witness, his present claims on those grounds are not preserved for appellate review (see CPL 470.05 [2]; People v Lane, 7 NY3d 888, 889 [2006]; People v Jordan, 168 AD3d 458, 458-459 [2019]; People v Schindler, 27 Misc 3d 127[A], 2010 NY Slip Op 50578[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]), and, as a matter of state law (see CPL 60.15 [1]), it cannot be said that the trial court improvidently exercised its discretion to preclude the witness. Having heard what it considered persuasive testimony by defendant's spouse and an offer of proof to the effect that a lawyer, whose client defendant had interviewed for two hours during the afternoon prior to defendant's arrest, would testify that defendant appeared ill at that time, the court concluded that the witness's testimony would be cumulative and of marginal relevance (see e.g. People v Bowen, 67 AD3d 1022, 1023 [2009]). " 'Testimony is properly precluded as cumulative when it would neither contradict nor add to that of other witnesses' " (People v Hall, 59 Misc 3d 137[A], 2018 NY Slip Op 50566[U], *5 [App Term, 2d Dept, 9th & 10th Jud Dists 2018], quoting Segota v Tishman Constr. Corp. of NY, 131 AD3d 851, 853 [2015]), and, based on the offer of proof, the witness's testimony would have added nothing to what defendant's spouse had already described at length. 
While the witness's status as a disinterested witness might have "given his testimony added value to the jury" (Segota v Tishman Constr. Corp. of NY, 131 AD3d at 853; see People v Dalton, 38 NY2d 222, 227 [1976] [a witness "less susceptible to impeachment for personal bias" may render his or her testimony more than "merely cumulative"]), the illness claim was presented as the vehicle for the principal defense—that defendant's ingestion of Theraflu coupled with a regurgitation just prior to the blood alcohol test was the cause of defendant's high blood alcohol reading. Given the expert trial testimony as to the safeguards of the testing system with respect to mouth alcohol and the improbability that even an excessive consumption of Theraflu could generate a blood alcohol content of .20 of one per centum by weight, the jury could have accepted defendant's claims as to illness and his consumption of Theraflu and its regurgitation, [*3]and nevertheless have properly convicted defendant of aggravated driving while intoxicated per se. The witness was not offered to prove that defendant had not been intoxicated at the time he had been stopped, and indeed, such testimony would be precluded because the witness had not been present at that time (see e.g. People v Frazier, 125 AD3d 551 [2015]). In any event, given the overwhelming nature of the People's proof, there was no significant probability that defendant would have been acquitted had the witness been permitted to testify that defendant appeared ill on the afternoon of the arrest (see People v Johnson, 57 NY2d 969, 970 [1982]; People v Crimmins, 36 NY2d 230, 242 [1975]).
On this record, we find that the sentence of probation was appropriate. We note that defendant retains the right to apply to the City Court to modify the length and conditions of his probation (see CPL 410.20 [1]; People v Pagan, 19 NY3d 368, 371 [2012]; People v Okoli, 61 Misc 3d 149[A], 2018 NY Slip Op 51744[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Barnes, 32 Misc 3d 134[A], 2011 NY Slip Op 51454[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
Accordingly, the judgments of conviction are affirmed. 
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 3, 2019